BERTHA E. MARTIN, AS ADMINISTRATRIX, ETC., OF HOWARD A. MARTIN, DECEASED, APPELLANT, *v.* SPENCER C. PLATT AND NATHAN C. PLATT, RESPONDENTS, IMPLEADED WITH ANNIE R. PLATT, AS EXECUTRIX, ETC., OF WILLIAM H. PLATT, DECEASED.

*Case to be used on a motion for a new trial—within what time to be made.*

A case to be used on a motion for a new trial must be made, if the trial is before a jury, within ten days thereafter, and the extension, under Rule 32, for the service of a case, until ten days after notice of the decision of the motion for a new trial, refers only to motions made at the trial.

APPEAL by the plaintiff from an order, made at a Special Term of the Supreme Court in the county of New York, and entered in the office of the clerk of the county of New York on the 11th day of April, 1889, which denied the plaintiff's motion to vacate an order made, *ex parte*, on February 21, 1889, extending the time of the defendants, Spencer C. Platt and Nathan C. Platt, to serve a proposed case.

*Edward S. Clinch*, for the appellant.

*William G. Wilson*, for the respondents.

VAN BRUNT, P. J.:

That a motion may be made for a new trial on the ground that the verdict is against the weight of evidence, after the hearing of the exceptions at the General Term, seems to be expressly sanctioned by section 1006 of the Code. Section 997 prescribes the practice in the making and settling of a case preparatory to a motion for a new

trial. It provides that the moving party must make a case and procure the same to be settled as prescribed by the general rules of practice.

Rule 32 of the General Rules of Practice provides that whenever it shall be necessary to make a case it shall be made and served, if the trial has been before a jury, within ten days after the trial, or within ten days after notice of the decision of a motion for a new trial, if such motion be made and be not decided at the time of trial, or within ten days after notice of judgment under section 1185 of the Code. Section 1185 refers only to cases where a verdict is taken subject to the opinion of the court and has no bearing upon the question now before the court.

It would appear, therefore, that a case must be made, if the trial is by a jury, within ten days after the trial, and that the extension until ten days' notice of the decision of a motion for new trial, refers only to motions made at the trial, because it speaks of the contingency of such motions being not decided at the time of trial, which could not refer to motions for new trial which were not made until after the trial. We think, therefore, that the time to make a case had expired, and that leave to make a case could only be granted upon motion as a matter of favor and not as a matter of right.

The order appealed from should be reversed, with ten dollars costs and disbursements.

DANIELS and BRADY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.