GEORGE B. ABBOTT as Administrator, etc., Appellant, *v.* MARGARET J. THOMAS, as Executrix, etc., *et al.,* Respondents.

*N. Y. Supreme Court, Second Department, General Term, June* 28, 1889.

*Referee.    Case.    Certificate.*—A referee is warranted in refusing to insert in a case a certificate that a brief abstract contains all the evidence given in support of the findings of fact to which exceptions are taken, where a large mass of testimony was taken on the trial.

Appeal from an order denying a motion to re-settle a case on appeal, and refusing to send it back to the referee for resettlement.

*Barnett & Whitney,* for appellant.

*Dean & . Chamberlain (Cephas Brainard, Jr.,* of counsel), for respondents.

BARNARD, P. J.—Upon the trial of the issue before the referee, a large mass of testimony was taken.   The referee made thirty-four findings of fact, and, therefore, dismissed the complaint, with costs.   The plaintiff excepted to the fourth finding, which was that George M. Chapin was the agent of Eunice Chapin " in all matters and things referred to in this action."  This exception is applied so far as respects this agency to the fifteenth, nineteenth, twentieth, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth and the fifth finding.   An exception is also taken to the twenty-eighth

finding. The case as proposed is an abstract of some six folios, The referee refused to insert in it that it contained all the evidence given in support of the findings of fact to which exceptions are taken. The plaintiff's attorney swears that this abstract contains the scope of the case. The defendant's attorney makes an affidavit that the greater part of the evidence to sustain the finding is omitted. The evidence actually given is not presented. It is for the referee to settle the case, and upon this paper the inference is plain that he is right in withholding his offical certificate that the case contains all the evidence in support of the findings.

From our knowledge of the trial of cases, it is evident that the abstract should not be deemed to contain all the evidence. The referee did right in refusing to exercise so dangerous a power as to determine that the brief abstract represented all the evidence on the trial in support of the findings in question.

Order affirmed, with costs and disbursements, and motion denied, with ten dollars costs.

All concur.