FRANCES E. BURROWS, Respondent, *v.* CHARLES M. DICKINSON, Appellant.

Where a case upon appeal, in an action tried by a referee, contains only the judgment-roll, and none of the evidence, this court will assume that the facts proved on the trial were sufficient to sustain the findings of fact made by the referee, and his conclusions of law are alone the subject for review.

(Argued June 28, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1887, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The following is the *mem.* of opinion:

"Upon this appeal we are presented with the judgment-roll only, and, as the case does not contain the evidence, the correctness of the conclusions of law made by the referee is alone the subject for review.

"As we held recently in *Gardiner* v. *Schwab* (110 N. Y. 650), in such a case, we must assume that the facts proved on the trial were sufficient to sustain the findings of fact made by the referee.

"The parties were partners in a law business, and this action was brought for an accounting. The appellant urges that the referee should have found, upon his facts, an indebtedness the other way; that is, one to the appellant instead of from him.

"The referee found the total net copartnership receipts to be $6,635.46; one third of which, being $2,211.82, should, under their agreement, be credited to the plaintiff, and he charged him with $2,157.20. For the balance of $54.82

he gave him judgment against the defendant. The appellant contends that the referee, in charging the plaintiff in account, should have charged all or a part of an item of $587, which the referee subsequently and separately states to have been the portion of the total amount of net receipts from the firm business received by the plaintiff. He makes the point that an arithmetical error and an apparent mistake upon the face of the report appears, the result of which was to change the balance to one against instead of in favor of the appellant.

"How this amount of $587 is arrived at does not appear, and the appellant's brief concedes that it does not. It certainly is not for us to explain it. Not having the evidence, we must assume all the findings to have been warranted by sufficient proofs. The referee found, as a fact, that the plaintiff received on account of his copartnership interest, and pur suant to some subsequent agreement between him and his partner, the sum of $2,157.20. This finding of fact is conclusive upon us on this record, and we should not disturb it, because we are unable to account for an item appearing elsewhere in the report, and which the appellant argues was not included as a charge to the respondent. As the General Term very properly suggest, as the referee has found that the plaintiff is only to be charged upon the accounting with $2,157.20, his conclusion is correct. If he committed any error to the prejudice of the appellant, the omission to print the evidence precludes us from reviewing the question of whether the respondent should have been charged with a larger sum.

"The judgment appealed from should be affirmed, with costs."

*D. S. Richards* for appellant.

*Isaac Fromme* for respondent.

GRAY, J., reads *mem.* for affirmance.
All concur.
Judgment affirmed.