# In the Matter of OSCAR STRASBURGER.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Appeal. Case.*—Where the case on appeal is so imperfect that the question supposed to have arisen cannot be properly examined, it will be remitted for correction.

Appeal from so much of the decree of special term as rejects the claim of Deutsch Bros. for the same *pro rata* share as other creditors.

*Joseph Fettretch*, for appellants.

*Eustace Conway*, for respondent.

BRADY, J.—This action was submitted, but upon examination the papers appear to be so imperfect that the question

which is supposed to have arisen in some way cannot be prop-
erly examined. The question involved is whether Messrs.
Deutsch Bros. are entitled to damages for their eviction from
the premises which they hired from the lunatic under cir-
cumstances which would entitle them to some consideration.
The referee seems to have determined that they were entitled
to recover from the estate a comparatively large sum of
money as damages. What was done with this report does
not distinctly appear, inasmuch as the decree for which the
appeal is taken is not printed and the confusion is worse
confounded from the statement on the part of the appellants
that the referee found that the claim was invalid, whereas
from the report printed it appears that he found in favor of
the claim, and awarded its payment. It is true that it is
stated in the case that the referee made his report, and re-
jected the claim of Deutsch Bros. for damages as improper,
invalid, and not legally chargeable out of the estate, and
that they excepted to the report, and to the rejection of their
claim, and that the referee's report was confirmed. But the
referee's report then states the facts found by the referee at
the request of Deutsch Bros., setting them out, by which the
result is in their favor, as already stated. The case has been
examined with reference to its merits, and, if it were in a
condition to be disposed of, it could be. But it is not. The
case must, therefore, be remitted back for correction.

VAN BRUNT, P. J., and DANIELS, J., concur.

NOTE ON " CASE ON APPEAL."

Where the case does not show that the motion for a new trial was made
on the ground that the verdict was against the weight of evidence, the
right of recovery on the evidence is not before the appellate court. Leach
v. Buffalo, etc., R. R. Co., 59 Hun, 616.

Where the judgment roll is not contained in the record, an exception to
a refusal to charge that the findings and decision of the court in the judg-
ment roll put in evidence are conclusive upon a certain point, presents no
question for review. Moore v. N. Y. E. R. R. Co., 126 N. Y. 671.

The exclusion of certain records on the ground of immateriality cannot

be deemed error, where they are not printed in the case on appeal. De-Klyn v. Silver Lake Ice Co., 58 Supr. 501; aff'd, 128 N. Y. 582.

There is nothing for the appellate court to review, where the record contains no valid exception, no order denying a motion for a new trial, nor an appeal from such an order. Cohen v. Mayor, etc., 58 Hun, 609; aff'd, 128 N. Y. 594.

Unless an order denying a motion for a new trial is formerly entered and appears in the printed case, it will not be reviewed on appeal. Victory v. Foran, 56 Supr. 507.

A request to charge, which was actually made, refused at the trial and excepted to, should not be excluded from the case on appeal on the ground that the matters covered by the request were substantially embraced in other requests, which were charged. N. Y. Rub. Co. v. Rothery, 112 N. Y. 592. The question should not be determined upon a motion to resettle the case, unless the claim to its insertion is so plainly frivolous as not to be capable of discussion. Id.

Where the papers are not certified as required by § 1353 of the Code, the general term will not consider an appeal from a county court. Guion v. Rooney, 17 Civ. Pro. 172.

The remarks of counsel should not be made a part of the case on appeal, where no exception was taken to the remarks, or the attention of the court called to the fact that they were not proper. Klein v. Second Ave. R'y Co., 53 Supr. 531.

The exceptions taken to refusal of the court to find on request, if properly taken under § 994 of the Code, are properly inserted in the case. Young v. Young, 44 N. Y. St. Rep. 909.

So, the consideration on appeal of the denial of a motion to dismiss for want of sufficient proof, or of a new trial on the ground that the verdict is contrary to evidence, requires that all the evidence presented on the trial should be before the appellate court. Sloane v. Lockwood Chem. Co., 45 N. Y. St. Rep. 265.

Where a party presenting requests to find succeeds before the referee so that no judgment or decree is entered against him upon the referee's report, but appeals from an order which refuses to enter a decree upon such report, he is not entitled to insert in the case his requests to find where the same have been refused. Matter of Post, 63 Hun, 633. But, on an appeal from the judgment or decree entered upon the report of a referee, the appellant has a right to review the action of the referee in refusing his requests to find, and, for that purpose, can insert in the case on appeal, or bill of exceptions, his requests to find and the ruling of the referee thereon. Id.

An appeal cannot be considered on the merits, where the affidavits, used on the motion and recited in the order, are not printed in the case. Cowen v. Arnold, 57 Hun, 588.

The court, on appeal, cannot assume the non-existence of a fact, which is admitted by the pleadings, because it does not appear in the case. Sweet v. Morrison, 30 N. Y. St. Rep. 23.

Where a question of law only is involved, the court, in settling the case, is bound to insert therein only so much of the evidence and proceedings as will present such point. Kingsland v. Mayor, etc., 37 N. Y. St. Rep. 943.

As to what the opening of the plaintiff, when not contained in the appeal book, must be presumed to comprise, see Kley v. Healy, 127 N. Y. 555.

As to what affidavits are properly part of the appeal book, see Van Stade v. Le Compte, 51 Hun, 639.

An order, which recites that it was made upon the accompanying affidavit, will be affirmed, if such affidavit is not printed in the appeal book. Hydrogen Company v. Bentley, 51 Hun, 639.

The case on appeal should present the findings and report of the referee, where the questions relate to refusals to find facts and conclusions of law as requested. Thompson v. McCaldin, 54 Hun, 639.

Exceptions to a charge which were never taken, cannot be allowed on the settlement of the case. Banker v. Fisher, 55 Hun, 605.

The case must contain the decision of the issues of law joined by the demurrer. Village of Palmyra v. Wynkoop, 53 Hun, 82.

Both parties, where the case is sent back for a re-settlement, may show the facts as they actually happened on the trial. N. Y. R. Co. v. Rothery, 119 N. Y. 633.

Printing in italics, or even small capitals, all those portions of the evidence which are most favorable to the appellant is a flagrant disregard of Rule 42 of the General Rules of Practice. Fuchs v. S. Mfg. Co., 58 Hun, 611.

Where the record on appeal fully presents the point without testimony and exhibits, they need not be presented. Matter of Byrnes, 58 Hun, 608.

The findings of fact by the trial court must be included in the decision. Novis v. Pollock, 53 Hun, 441.

But, findings on requests form no part of decision. Id.

Part of an exhibit cannot be striken out on the settlement of the case. Healey v. Terry, 16 Daly, 117.

The respondent's request to charge, exceptions to refusals, or adverse rulings, should not form a part of the case on appeal. McSwyny v. B. & S. A. R. R. Co., 54 Hun, 637.

The record must show that the court passed on all the requests to find submitted. Bohlen v. Met. E. R. R. Co., 39 N. Y. St. Rep. 151.

The noting of the ruling on the margin of each request is not necessary. Id.

An amendment of the case on appeal to the court of appeals may be made by the court below without a motion. Peterson v. Swan, 119 N. Y. 662.

An appeal will not be heard, unless the case is settled and the certificate of the clerk attached. Dwight v. E. C. & N. R. R. Co., 55 Hun, 612.

The case should not contain the respondent's objections and exceptions. Clark v. House, 61 Hun, 624.

The respondent must see that all the evidence which tends to support the finding of fact excepted to, is in the case. Brayton v. Sherman, 119 N. Y. 623.

The appellant should see that the points and exceptions, upon which he relies, are clearly and distinctly stated. White v. Knowles, 52 Hun, 612.

The facts found by the referee are presumed to be justified by the evidence, where it is not printed in the case. Doyle v. Rector, etc., 60 Hun, 586.

An appeal cannot be considered, where the record in an equity suit contains no findings signed by the judge, but only unsigned conclusions of law. Simis v. McElroy, 20 Civ. Pro. 288.

Where a case on appeal contains no findings signed by the judge who tried the case, it will be stricken from the calendar and cannot be considered by the court. Gamble v. Queens Co. W. Co., 51 Hun, 640.

An appeal will not be considered where no case is filed. Clason v. Baldwin, 59 Hun, 622.

No review of facts can be had without a case. Matter of Clark, 119 N. Y. 427.

When the case does not contain the order appealed from, this part of the appeal cannot be considered. People v. Ryan, 55 Hun, 214.

Where the decree appealed from is not printed, the case will be remitted for correction. Matter of Strasburger, 54 Hun, 637.

The action of the trial judge in settling the case cannot be reviewed. Green v. Shute, 26 N. Y. St. Rep. 114.

Leave to make a case, after the expiration of the statutory time, can only be granted on motion, as a matter of favor and not of right. Martin v. Platt, 53 Hun, 42.

Where the case on appeal does not state that it contains all the evidence, the facts, as found by the trial court or referee, must, for the purposes of the appeal, be assumed to be true. Berger v. Varrelmann, 127 N. Y. 281; Valentine v. Austin, 124 Id. 400; Patterson v. Robinson, 116 Id. 193; Spring v. Chautauqua M. L. Ass'n, 60 Hun, 581; Simonson v. Krollpfieffer, 53 Id. 632; Murphy v. Board, etc., Id. 171; Varnum v. Skinner, 57 Id. 585; Davis v. Willis, Id. 200; First Nat. Bk. v. Bard, Id. 592; Johnson v. Snell, 58 Id. 606; Applebee v. Albany B. Co., Id. 605; Mahony v. Prendergast, Id. 611; King v. Jacobson, Id. 610; Sherill v. Hewitt, 39 Id. 619; Feiber v. Lester, Id. 624; Fults v. Paul, Id. 628; Livingston v. Negus, 55 Id. 608; Roberts Co. v. Vietor, 54 Id. 461; Wellington v. Cont. C. & I. Co., 52 Id. 408; Davis S. M. Co. v. Best, 50 Id. 76; Bond v. Finn, 51 Id. 507; McManus v. Thurbur, 20 N. Y. St. Rep. 92; Fell v. N. Y. L. Works, 50 Hun, 602; Lake S. Nat. Bk. v. Butler C. Co., 51 Id. 53; Tauziede v. Jumel, 60 Id. 583; Torrey v. Standish, 61 Id. 623; Clarke v. House, Id. 624; Star Co. v. Andrews, 58 Supr. 188; Baker v. Crosby, Id. 577; Seddon v. Donald, Id. 518; Levi v. Newhall, Id. 557; Arnstein v. Haulenbeek, 16 Daly, 362; Claflin v. Flack, 36 N. Y. St. Rep. 728; McPhillips v. N. Y., N. H. & H. R. R. Co., 37 Id. 263; Hinds v. Kellogg, Id. 356; Hall v. Dennerlein, 39 Id. 67; Gray v. American B. N. Co., Id. 97; Oishei v. Gilbert, 30 Id. 233; Barrett v. Kling, 40 Id. 823.

But otherwise, to present in the court of appeals a finding alleged to be

without evidence to sustain it. Halpin v. Phenix Ins. Co., 118 N. Y. 165; Brayton v. Sherman, 119 Id. 623.

Where the case on appeal to the general term contains an exception to the finding of fact upon conflicting evidence, but no statement that it contains all the evidence given upon the trial, a reversal on questions of both law and fact is error. Aldridge v. Aldridge, 120 N. Y. 614.

An exception to the finding of fact and the absence of the certificate in the case are notice to respondent that the appellant intends to raise on the appeal questions of law only. Id.

The certificate, in this case was held sufficient to raise the questions of fact in the appellate court. Clark v. House, 61 Hun, 624.

The referee should refuse to certify that a brief extract is all the evidence in support of his findings. Abbott v. Thomas, 53 Hun, 633.

Where the case on appeal contains no certificate that it presents all the evidence adduced at the trial, the court can only pass upon the question whether the facts found support the judgment. Hinds v. Kellogg, 37 N. Y. St. Rep. 356.

An appeal on the evidence, where the case does not contain all of it, is unavailing. Miller v. Wright, 60 Hun, 579.

As to what may be considered where the case does not contain the evidence, see Burrows v. Dickenson, 115 N. Y. 672.

The appellant should insert in the case the evidence he considers material to the questions involved in the appeal. Renwick v. N. Y. E. R. R. Co., 36 N. Y. St. Rep. 682. The respondent may then propose amendments. Id. But, if he fails to call the attention of the judge to material testimony that has been omitted, the appellant is entitled as of strict right to a certificate that the case contains all the evidence. Id.

A certificate that the case contains all the evidence does not mean that it in fact contains every word of evidence given on the trial, but that it contains all the material evidence. Renwick v. N. Y. E. R. R. Co., 36 N. Y. St. Rep. 682.

It is the duty of an appellant, who intends to review, upon appeal, the findings of fact in the court below, to put in the case a statement that all the evidence upon which those facts depend is returned. Murphy v. Board, etc., 53 Hun, 171.

Under the practice introduced by the provision of § 992 of the Code, it is the duty of an appellant, desiring a review of questions of fact, to see that the case contains a certificate that all the evidence has been included, or all bearing on the question so sought to be reviewed. Porter v. Smith, 107 N. Y. 531. In the absence of such certificate, the general term has a right to refuse to review such questions. Id.

A party appealing from a judgment entered upon the report of a referee, if he desires to raise in the appellate court the question that any finding of fact is against the weight of evidence, must have the case so prepared as that it shall appear therefrom that all the evidence, bearing on the finding of fact sought to be reviewed, is set forth therein. Spence v. Chambers, 39 Hun, 193. Where the case does not show that it contains all the evidence,

given on the trial or all bearing on the findings of fact sought to be reviewed, the appellate court will assume that the evidence is sufficient to support the finding of fact. Id. But, if it is claimed by the appellant that a particular finding is without any evidence to support it, and is excepted to as provided in § 993 of the Code, it is unnecessary that the case should contain a statement that all the evidence bearing on the finding is set forth. Id.

No questions of fact will be reviewed, but only questions of law, where the case omits the statement that it contains all the evidence. Hand v. Society, etc., 44 N. Y. St. Rep. 785; Aldridge v. Aldridge, 120, *ante.*

A verdict without evidence involves an error of law which may be reviewed in the absence of a certificate that the case contains all the evidence. Robbins v. Downey, 45 N. Y. St. Rep. 279.

Where the case on appeal purports to contain all the testimony, but not all the evidence, taken upon the trial, the facts found by the trial court are conclusive upon the appellate court. Hyman v. Friedman, 45 N. Y. St. Rep. 636; Aldridge v. Aldridge, *ante.*

A statement at the end of a case, that it does not contain all the evidence on the trial, does not exclude a presumption that evidence for the respondent, which does not appear in the case, abundantly sustains the facts found by the referee. Guion v. Mundy, 45 N. Y. St. Rep. 667. The absence of a statement that the case contains all the evidence precludes the appellate court from all inquiry as regards the sufficiency of the evidence to support those facts. Id.

The appellate court is bound to assume that sufficient proof was adduced to support the verdict, where the case does not purport to contain all the evidence. Brown v. Wakeman, 45 N. Y. St. Rep. 671; Arnstein v. Haulenbeek, 16 Daly, 382; Howland v. Howland, 20 Hun, 472; Davis S. M. Co. v. Best, 50 Id. 76; Cheney v. R. R. Co., 16 Id. 415; Murphy v. Board, etc., 53 Id. 171; Spence v. Chambers, 39 Id. 193.