### MARTIN *v.* PLATT *et al.*

*(Supreme Court, General Term, First Department.　October 16, 1891.)*

1. APPEAL—JUDGMENT ON EXCEPTIONS HEARD AT GENERAL TERM.
   No appeal lies to the general term from a judgment directed in favor of plaintiff on the verdict, after hearing on exceptions of defendant at the general term in the first instance.

2. NEW TRIAL—WEIGHT OF EVIDENCE—JUDGMENT ON EXCEPTIONS.
   Where no exception to the submission of facts to the jury is taken at the trial, a judgment directed for plaintiff on defendant's exceptions, heard at the general term in the first instance, will not prevent a motion for new trial on the ground that the verdict is against the evidence, or a review of an order denying the same, under Code Civil Proc. N. Y. § 1006, providing that the taking of an exception shall not prejudice a motion for a new trial on the ground that the verdict is contrary to the evidence, but such motion may be made before, at, or after the hearing of the exception.

3. APPEAL—REVIEW—PRESUMPTIONS.
   In the absence of an objection at the hearing of a motion for a new trial on the ground that the verdict is against the evidence, made before a judge who did not preside at the trial, it will be presumed on appeal that the latter judge directed the motion to be made before another judge, as required by Code Civil Proc. N. Y. § 1002.

4. SAME—WEIGHT OF EVIDENCE.
   The court cannot interfere with the verdict of a jury on the ground that it is against the weight of evidence, unless the preponderance is both decided and apparent from an examination of the evidence.
   15 N. Y. Supp. 49, affirmed.

Appeal from special term, New York county.

Action by Bertha E. Martin, administratrix, etc., against Spencer C. Platt and another, impleaded, etc., upon an alleged due-bill. Verdict for plaintiff, upon which judgment was directed for plaintiff upon exceptions of defendant, ordered to be heard by the general term in the first instance. From the judgment, and also from an order denying a motion for a new trial on the ground that the verdict was against the evidence, defendants appeal. Affirmed. For former reports, see 4 N. Y. Supp. 359; 5 N. Y. Supp. 862; 7 N. Y. Supp. 950; 8 N. Y. Supp. 932.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*William G. Wilson,* for appellants. *George C. Coffin* and *Edward S. Clinch,* for respondents.

DANIELS, J. A variety of exceptions were taken at the trial to rulings made in the progress, and for the final disposition of the case, and but one question of fact appears from the charge to have been submitted to the jury, and to its submission to the jury no exception was taken. After the verdict was rendered, the court, at the instance of the defendants, ordered the exceptions to be first heard at the general term, and judgment in the mean time suspended; and those exceptions were afterwards heard and overruled, and judgment directed in favor of the plaintiff upon the verdict; and that judgment, although somewhat informal, has since been entered in the action. It necessarily, as well as in form, disposed of all the questions presented by the exceptions; and, having been directed and authorized by the general term, no appeal could afterwards regularly be taken from that judgment to the general term again. The whole case, so far as it depended upon the exceptions, has been disposed of by the general term; and nothing further remains to be heard or considered by that tribunal in the appeal taken from the judgment. It is substantially an appeal from one term of the general term to another, for which the present system of practice has provided no authority; and the appeal, so far as it has been taken from the judgment, should therefore be dismissed, with costs.

After the judgment upon the direction of the general term, as the result of overruling the exceptions, the defendants were at liberty to move for a new trial on the ground that the verdict was against the evidence. That motion is authorized by section 1006 of the Code of Civil Procedure.[1] And so it was held by this general term on the disposition of the appeal from the order denying a motion to vacate an order extending the time to serve a case. 5 N. Y. Supp. 862. The opinion was there given by Presiding Justice VAN BRUNT, and it was stated by him: "That a motion may be made for a new trial on the ground that the verdict is against the weight of evidence, after the hearing of the exceptions at the general term, seems to be expressly sanctioned by section 1006 of the Code." And it is from the order resulting in the denial of that motion that the appeal has been taken, which still remains to be considered and decided.

It has been objected that the motion should have been made at a court held by Mr. Justice ANDREWS, who presided at the trial; and that, undoubtedly, would have been the regular course of practice to have been taken unless he ordered the motion to be heard at a court held by another justice; but, inasmuch as no objections seem to have been taken to the hearing of the motion at the term where it was made, it may be assumed that such a direction had been given by Mr. Justice ANDREWS, and that the motion was regularly heard and decided at the special term held by Mr. Justice INGRAHAM.

The plaintiff brought the action upon a memorandum or statement made on the 16th of January, 1879, and subscribed by the executors of Nathan C. Platt, deceased. He had performed services in an action brought by them against George W. Platt to recover certain real estate, and for an accounting; and by the instrument which was subscribed it was stated that he had prepared accounts and balance-sheets on the reference, and had rendered clerical assistance in preparing arguments, cases, indexes, etc., for which the

---

[1]Code Civil Proc. N. Y. § 1006, provides as follows: "The taking of an exception, upon a trial by a jury, or the statement thereof in a case, as prescribed in this article, does not prejudice a motion for a new trial on the ground that the verdict was contrary to evidence; but such a motion may be made before or after the hearing of the exception, or, in the discretion of the court, before the exception is heard, at the time of the hearing."

sum of $7,000 was claimed; and the instrument declared that the above bill had been examined by the executors, and the amount due to Howard A. Martin, who was the plaintiff in the action, adjusted at $7,000; and it was consented and agreed that the same should be paid out of the first proceeds of judgment against George W. Platt. The plaintiff in the action, who has died since the trial, and his administratrix who has been appointed in his stead, claimed that these services mentioned in the statement had been rendered for the executors, and that they had become personally liable to pay this compensation to him; while they insisted that the instrument or statement was not subscribed or made for that object, but that the design was to enable the plaintiff in the suit to use it for the purpose of raising this sum of $7,000, which was to be divided between himself and the executors and William R. Martin, the counsel in the suit of the executors against George N. Platt. And upon the trial the evidence of the two surviving executors, the present appellants, was directly to the effect that the statement or instrument was made solely for this purpose, and that no money had been raised upon it, and that Howard A. Martin, the original plaintiff, had afterwards stated that the instrument itself had been destroyed, and therefore could not be returned, as it was claimed it should be, in compliance with the terms of the agreement actually made. This was denied by the plaintiff; and William R. Martin testified that the instrument was drawn and subscribed by the executors as an adjustment of the bill of Howard A. Martin, his brother, for the performance of these services; and that no agreement or stipulation was made that it should be used to raise money to be distributed or divided between these parties, and, if that could not be done, that then the instrument should be returned. And the evidence of Howard A. Martin also tended directly to contradict the defense in this manner made by the defendants. Which of these thories was to be accepted as supported by the evidence was the sole question of fact which the court at the trial submitted to the jury, directing them, if the paper was made to raise money upon it, as the defendants insisted it was, that then the plaintiff could not recover; but, if it was not, that the plaintiff was entitled to a verdict. No exception was taken on the part of either party to the submission of this question to the jury; and for that reason it was not included in the case as it was ordered to be first heard at the general term, for the exceptions alone were sent to that tribunal to be heard and decided in the first instance. Whether this verdict was against the evidence, therefore, was a question not disposed of, and could not be disposed of, by the hearing and decision of the general term; but it was left open to be brought up and decided, if the defendants desire to present it, by a motion for a new trial after the decision of the general term upon the exceptions, and under the authority of section 1002 [1] as well as of 1006 of the Code of Civil Procedure. As the question was presented to the jury, there was no decided preponderance of the evidence in favor of either of the parties, but it raised a question of fact to be decided by the jury. It certainly, in view of the form given to the instrument, cannot be held that the evidence preponderated materially in favor of the defendants. And, in the absence of such a preponderance of evidence, the verdict of the jury must be accepted as conclusive upon this disputed question of fact. Upon this subject the rule has been so frequently reiterated

---

[1] Code Civil Proc. N. Y. § 1002, provides as follows: "In a case not specified in the last three sections, a motion for a new trial must, in the first instance, be heard and decided at the special term; but where it is founded upon an allegation of error in a finding of fact, or ruling upon the law, made by the judge upon the trial, it cannot be made unless notice therefor be given before the expiration of the time within which an appeal can be taken from the judgment; and it cannot be heard at a special term held by another judge, unless the judge who presided at the trial is dead, or his term of office has expired, or he specially directs the motion to be heard before another judge; and a trial by a referee cannot be reviewed by a motion for a new trial, founded upon such an allegation, except in the case specified in the last section."

as hardly to require any reference to be made to authority for the purpose of sustaining it; and that is that the court cannot interfere with the verdict of a jury on the ground that it is against the weight of the evidence, unless the preponderance is both decided and apparent from an examination of the evidence. *Beckwith* v. *Railroad Co.*, 64 Barb. 299. This is not a case of that description, and for that reason the court cannot interfere with the order from which this appeal has been taken, but it should be affirmed, with costs.