ALBANY,
October, 1823.

Rew
v.
Barker.

---

### Rew *against* Barker.

*On error from the court of C. P. the record, in the eye of the law, for the purpose of being amended by that court, remains in the court below. Or if otherwise, this court have power to amend it themselves.*

*A mistake in framing a special verdict in the C. P. may be amended there, after error to this court, joinder in error, and several notices of argument; especially where the delay is accounted for: as where, by mistake, a sale, in question upon the trial below was in the special verdict, stated to have been after, instead of before, the suit brought.*

*After joinder in error, the party cannot allege diminution, and have a certiorari*

ERROR, from the Common Pleas of the county of Onondaga. The action was brought, in the Court below, by Barker against Rew, on a warranty of title in a horse, bought by Barker of Rew. A verdict having been found for the plaintiff, a motion was made for a new trial, on a case. The motion was denied, and leave given, by the Court, to turn the case into a special verdict; on which the present writ of error was brought. In making up the special verdict, the purchase of the horse was, by mistake, stated to have been on the 19th November, 1819, being after the time when the suit, as appeared by the record, was commenced in the Court below; whereas it should have been Nov. 1818. An issue of *in nullo est erratum*, had been joined here, and the cause noticed for argument several times, when the defendant in error discovered this mistake; and, as soon after as possible, moved for, and obtained an amendment, according to the fact, in the Court below. This was at August term of that Court, 1823; and now,

*S. A. Foot*, moved to amend the return, so as to make it correspond with the amended verdict in the Court below. He referred to 2 Dunl. Pr. 703, and the cases there cited, and *Tillotson* v. *Cheetham*, (3 John. Rep. 95 )

· *S. Van Rensselaer*, contra. A writ of error, to an inferior Court, removes, in judgment of law, the record itself ; (2 Tidd. 1089, 90 ; 3 Caines' Rep. 86, 7 ; 3 John. Rep. 444 ;) though it is otherwise of a writ of error to the Supreme Court. (3 John. Rep. 98.) In both cases, execution issues from the Supreme Court : in one, because the record is removed there—in the other, because it remains there. If, then, the record was removed, the Common Pleas had no right to amend ; (1 R. L. 127 ;) and there is nothing to amend by in this Court. It is too late to move for an amendment, after having pleaded *in nullo est erratum*. The defendant in error, could not, at this stage of the proceedings, even allege diminution, which is merely for the purpose of supplying defects. This is never allowed in order to question the truth of the record certified. (Bac. Abr. Error, (E.) )

If the Error is merely formal, there is no need of an amendment. If it is matter of substance, and yet may be amended, there is no need of a Court for the correction of errors. The Court below may amend away the plaintiff's rights, at discretion.

Again : the objection, of laches, is sufficient. Not only is there an issue joined, but the cause has been several times noticed for argument.

*Curia.* The delay of making this motion is fully accounted for ; and the objection, of laches, fails. It is true, as contended, that here is a joinder in error, which admits the return to be perfect. It is, therefore, too late to allege *diminution*, and no *certiorari* can be awarded. But that objection does not reach the case. The office of a *certiorari* is to bring up matter of record, omitted in the return. The object here, is to amend, by the alteration of a date, in such a manner as plainly to subserve the ends of justice ; and we think the case of *Tully* v. *Sparkes*, (2 Ld. Raym. 1570 ; 2 Str. 369,) fully justifies the motion. That case was error

ALBANY,
October, 1823.

from the K. B. to the Exchequer Chamber. A motion was made in the latter Court, for leave to amend imperfections in the record. They refused this, in the first instance, but gave time for applying to the K. B. which amended; and the Exchequer Chamber afterwards made a corresponding amendment in the transcript, and this too, after a joinder in error and argument in that Court. It is said, the Court below could not amend, because the record was brought up by the writ of error. But this is not so. For the purposes of amendment, it remains in the Court below; and the Exchequer Chamber considered it so, in *Tully* v. *Sparkes*, and proceeded accordingly. This case, with others to the same point, are cited as sound law, in *Tillotson* v. *Cheetham*, (3 John. Rep. 95.) The Court below have amended, as in *Tully* v. *Sparkes*. But suppose the record here, we would amend it ourselves. (*Pease et al.* v. *Morgan*, 7 John. Rep. 468.) The principle of this case was acted upon in *Price* v. *M'Evers*, (Col. Cas. 41,) in the Court of Errors. The inaccuracy of the special verdict arises from the mere oversight of the Judge in the Court below. It comes within the very common principle of amendments, that it is a mistake of an officer; and the motion must be granted.

Rule accordingly.

