MARVIN JOHNSON, plaintiff in error vs. WESLEY JOHNSON, defendant in error.

After assignment of error and joinder therein to a writ of error to the common pleas, an additional return will not be allowed.

*Motion by defendant in error to require the court of common pleas of Franklin county to amend their return to the writ of error in this cause, by returning a bill of exceptions filed in the cause.*—This suit was commenced before a justice of the peace, by Wesley Johnson, against Marvin Johnson, and Marvin Johnson obtained judgment before the justice for $3·61 against Wesley. Wesley Johnson removed the judgment to the court of common pleas, of Franklin county. On the return of the certiorari an issue of fact was joined, which was tried before the common pleas at the April term, 1845 upon which trial Marvin Johnson ob-

tained a verdict in his favor. On the trial, Wesley Johnson took exceptions, which was sealed by a majority of the court who were present at the trial, and filed on the 12th July, 1845 ; no order to stay proceedings was procured. After the exceptions were taken, and at the same April term of the common pleas the cause was argued on the justice's return, and the judgment of the justice was reversed, and the record of reversal filed on the 6th May, 1845, and on the 7th June, 1845, an execution was issued thereon. Afterwards, on the 28th June last, Marvin Johnson brought a writ of error to remove the judgment of reversal, to this court, the return was made on the 28th June, 1845, before the bill of exceptions was settled : assignment of error and joinder therein on the 23d July, 1845.

    S. H. HAMMOND, *Defts Counsel.*        JOHN HUTTON, *Defts Atty.*
    O. ALLEN, *Plffs Counsel.*          W. A. WHEELER, *Plffs Atty.*

Defendant in error moved on the ground that it was important and necessary for him that the bill of exceptions should be returned to this court as a part of the record, in order that the whole merits and the right of the matter might appear on the record. Plaintiff in error insisted, that the party making the motion prevailed on the whole record in the common pleas, but took exceptions on the trial of the issue in fact; perfected his judgment and issued execution before the bill of exceptions was settled; that now he could not send up a bill of exceptions for sustaining his own judgment ; the defendant in error admitted the return to be perfect by joining in error. 2 *Cow.*, 408.

BEARDSLEY, Justice.—The necessity for this motion is very loosely presented from the papers; although an error of fact may have been, yet after assignment of error and joinder therein, it has never been allowed to have an additional return put in. The motion is entirely without authority, and must be denied with costs. Rule accordingly.