ABRAHAM R. LUYSTER, Plaintiff in Error, vs. JOHN SNIFFIN, Defend-
ant in Error.

An application to amend a record for errors in making it up after writ of error brought,
    should be made to the court below where the judgment was rendered. (2 Cow. 408.)
    With such errors the Appellate Court has nothing to do.
It is a matter of course, after the record is amended, to allow the copy sent to the Appel-
    late Court to be also amended to correspond with it. But such amendment should only
    be allowed on such terms as to prevent injustice.

*New York Special Term, December*, 1847.—This was a motion on the
part of the Defendant in error, to amend the copy of the record sent
to this court by the New York Common Pleas, with the writ of error
issued in this cause, so as to make such copy correspond with the re-
cord as amended by the court below. The judgment in the court
below was rendered upon a report of referees, and the Plaintiff in error,
who was Defendant in the suit below, being dissatisfied with the report,
applied to the court below to have a statement of facts settled and in-
corporated in the record for the purpose of bringing error thereon.
After the record was made up and transcribed according to the prac-
tice of the court, the Defendant in error applied to the court below for
a re-settlement of the statement of facts which had been inserted in the
record. This application was granted, and the statement of facts has
been re-settled, and the record amended accordingly, so that now the
record in this court does not correspond with the record below.

T. E. TOMLINSON, *for Deft in error.*

H. M. WESTERN, *for Plff in error.*

HARRIS, Justice.—If the record upon which the writ of error is
brought, has not been properly made up, the proper course is to apply
to the court in which the judgment was rendered to amend the record.
(*Reu* v. *Barber*, 2 Cowen, 408.) With such errors the Appellate Court
has nothing to do. It will assume that the court below has made up the
record of its judgment correctly, or if such record is amended, that the
amendment was properly made. It is the province of this court to ex-
amine and correct all errors which shall be found *in any record* brought
here by writ of error, but it has no control over errors in making up such
record. If the court below sees fit to correct an error in the form of its
record, it is a matter course to allow the copy of such record which had
been sent to this court, before such amendment, to be also amended.
But such amendment should only be allowed upon such terms as
shall prevent injustice. In this case, the Plaintiff in error, relying upon

the errors which he supposed existed in the record below, has brought his writ of error, and issue having been brought thereon in this court, the cause is now in readiness for argument. It may be, that if the record had originally been made up as it is now amended, no writ of error would have been brought. If the Plaintiff in error should elect to abandon his writ of error upon such amendment being made, he ought to be permitted to do so without costs.

The motion is, therefore, granted, but the rule to be entered must also contain a provision allowing the Plaintiff in error, within ten days, to dismiss his writ of error, without costs, if he should elect so to do.