that reason a bar to this one, and rendered judgment dismissing the plaintiff's complaint, with costs. This was error, for which the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(21 Misc. Rep. 8.)

### FOSTER v. STANDARD NAT. BANK.

(Supreme Court, Appellate Term. July 29, 1897.)

RESETTLEMENT OF CASE.

   A trial judge cannot decline to resettle a case merely because the matters claimed to have occurred on the trial do not appear in the stenographer's minutes, though they are entitled to great weight; but what actually occurred must be determined by any available means which will satisfy his conscience, and enable him to make a truthful return to the appellate court.

Appeal from city court of New York, general term.

Action by William H. Foster against the Standard National Bank. From a judgment of the general term affirming an order denying defendant's motion to resettle the case (45 N. Y. Supp. 1139, mem.), he appeals. Reversed.

Argued before McADAM and BISCHOFF, JJ.

Philip Carpenter (Ingle Carpenter, of counsel), for appellant.
Joseph G. Gay, for respondent.

McADAM, J. There seems to be no substantial dispute as to the facts stated on behalf of the appellant to have occurred at the trial; yet the trial judge struck them out of the proposed case, and refused to reinstate them, on the sole ground that they did not appear in the stenographer's minutes, from which he settled the case.

In Gleason v. Smith, 34 Hun, 547, the court said:

"No right can well be more substantial than that of a party to a complete and accurate statement of the proceedings through which he asserts that he has been unlawfully defeated in his suit or defense."

An order in that case denying a motion to resettle the case was reversed, and "an order entered directing a resettlement, * * * and making the addition proposed to be made, provided the decision, as it has been stated, was in fact made upon the trial."

In Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546, an order denying a motion to resettle a case was reversed, and the motion for resettlement granted. The court said:

"It seems to us clear that in such case a party is entitled, as of right, to have the case show the actual facts as they really happened on the trial, so that an appellate court can decide the case upon a record which is absolutely correct. We cannot, of course, dictate to a trial court how a case shall be settled, and we do not presume to do such a thing in this case. We can only say that, upon the facts appearing as they do here, the motion for the resettlement of the case ought to be granted, to the end that the question may again be presented to the learned trial judge, so that he may have an opportunity to resettle it in such manner as shall be consistent with the facts,—an opportunity which, we are sure, none would feel greater pleasure in embracing than the distinguished and learned judge who presided at the trial in this case."

It will not do for the trial judge to decline to resettle merely because the matters sworn to have occurred before him do not appear

in the stenographer's notes. He must go further, and put his refusal upon the ground that they did not occur, in which case his certificate will be conclusive so far as any right to a resettlement is concerned. The practice is somewhat similar to that which prevails on requiring amended returns from a justice's court. The order made in such case does not require the justice to amend the return in any particular manner, but to certify, by way of further return, whether certain things alleged to have occurred before him did or did not take place. See form of order, 4 Wait, Prac. 453. Litigants are not to be prejudiced by errors or omissions of stenographers, whose minutes, although entitled to great weight in case of conflict respecting what took place, are not conclusive as to what occurred at trials. And in this case, where the facts are practically undisputed, it will not do to hold that certain things did not happen because the notes of the stenographer are silent upon the subject. See Toner v. Mayor, etc., 1 Abb. N. C. 302. The responsibility of settling a case, and of determining what occurred at a trial, is cast, not upon the stenographer, but on the trial judge, aided, as far as possible, by the stenographer's minutes, by any notes taken by the judge himself at the time, or his memory of what occurred, or by any other means which may satisfy his conscience, and enable him to make a truthful return to the appellate court. It is not for us at this time to determine the materiality of the matters sought to be inserted in the case, for, considered in the light of the evidence taken (which is not before us), they may prove of little or no value. It is enough if they are not frivolous or wholly immaterial; and if they formed part of the trial, as the affiants assert, the record upon appeal will not be complete without them.

It follows that the orders of the special and general terms must be reversed, without costs, and the case remitted to the trial judge, for resettlement in accordance with these views.