(24 Misc. Rep. 606.)

## McCREADY v. LINDENBORN.

(Supreme Court, Trial Term, New York County.    September, 1898.)

**1. APPEAL—SETTLEMENT OF CASE—UNAUTHORIZED ALTERATION.**
    Where the case, as settled, after stating that certain plans were received
    in evidence, and marked in a manner specified, as an exhibit, contained
    the requirement "Here insert same," the alleged fact that the exhibit re-
    ferred to was in the possession of the attorney for the adverse party,
    and that the one offered to appellant for the printer did not contain the
    mark of the stenographer, and was not believed to be the original, but
    one fraudulently substituted therefor, did not justify the printing of the
    case with the quoted words and such exhibit omitted, and other matter
    interpolated in lieu thereof, conveying the false impression that such
    printed case conformed literally to the original, except that the exhibit
    in question was not printed, as the court would, on application, have
    compelled its production, or caused its place to be supplied, if lost or de-
    stroyed.

**2. SAME—UNTRUTHFUL RECORD—CORRECTION.**
    Where the record as printed by appellant did not conform to the case
    as settled, the adverse party did not waive the right to have such record
    made to conform to the facts by having noticed the cause for argument.

Action by Caroline A. McCready against David Lindenborn.    On
motion by plaintiff to make the printed case on appeal conform to the
facts.    Sustained.

W. P. & R. K. Prentice, for the motion.
Benno Loewy and F. Bien, opposed.

McADAM, J.    The case as settled, after stating that certain plans
were received in evidence and marked "Defendant's Exhibit 6," con-
tains the requirement "Here insert same."    Instead of printing
the exhibit as directed, the appellant's counsel, on his own responsi-
bility omitted the words "Here insert same" as well as the exhibit,
and in lieu thereof printed the following:

"The plans bearing the stenographer's mark not having been produced,
although demanded, the appellant has been unable to print the same or re-
produce copies thereof.    They are supposed to be similar to defendant's Ex-
hibits 17, 18, 19, and 20.    The specifications referred to as part of this ex-
hibit are the same as plaintiff's Exhibit H, printed between pages 280, 281,
of this case."

This unauthorized alteration of the case after its settlement by the
court is indefensible.    A case, when settled and filed, ceases to be
the property of the litigants, and becomes a judicial record.    The ex-
cuse offered for the change is that an affidavit made by the managing
clerk of the plaintiff's attorney was presented to the trial justice
when he signed the printed case, in which the affiant stated that the
printed case "was a correct printed copy," in all respects, of the case

as settled, "except as to Exhibit No. 6, which could not be obtained from the plaintiff's attorney." This affidavit conveys the impression that the printed case conformed literally to the original, except that Exhibit 6 was not printed,—an omission which might be treated as immaterial, if the plaintiff elected so to regard it. It furnishes no justification whatever for the interpolation. In Tyng v. Marsh, 42 N. Y. Super. Ct. 235, the appellant failed to print certain exhibits in accordance with the case as settled, and the court, in affirming an order that the printed cases be taken off the files, and the case deemed abandoned, said:

"The rules of the courts seek to have cases and exceptions settled and definitely determined, as to their form and contents, before coming before the appellate courts for consideration, and also to give all parties an opportunity to have the questions brought up fairly and accurately for review. If a party appellant chooses to print, file, and serve a case that is not the case as settled, it is obvious that a wrong is committed. It is a necessary incident to the administration of justice that a court should have control over its files, so far as to prevent their use thus wrongfully, and, as is here claimed, in bad faith, to prejudice a party in a suit."

In addition to the wrongful interpolation, the case as settled required that Exhibit 6 be printed. The excuse now offered for neglecting this duty is that the exhibit was in the possession of the plaintiff's attorney, and that the one offered to the appellant for the printer did not contain the mark of the stenographer, and was not believed to be the original exhibit, but one fraudulently substituted in its stead. This does not justify the omission. The court, upon application, would have required the plaintiff to produce the exhibit; for an exhibit used upon a trial is, for every purpose connected with it, under the control of the court, and in its constructive possession, no matter who the temporary custodian may be. Morris v. Josephs, 1 City Ct. R. 82. Even if an exhibit is lost or destroyed, its contents, like those of any other lost instrument, may be established, and, when judicially ascertained, may be inserted in the case like the original, so that there is no excuse for omitting an exhibit from a case on appeal until every legal remedy to supply its place has been exhausted. In a note to 1 Greenl. Ev. (14th Ed.; p. 602) it is said:

"The contents of a complaint and warrant, in a criminal case, lost after being returned into court, may be proved by secondary evidence; and witnesses to prove the contents may state the substance thereof without giving the exact words. Com. v. Roark, 8 Cush. 210, 212. See, also, Simpson v. Norton, 45 Me. 281; Hall v. Manchester, 40 N. H. 410. So may the contents of a lost deposition. Burton v. Driggs, 20 Wall. 125. So may the contents of a lost rule of reference, or any other paper, though it be the foundation of the jurisdiction of the court." Eaton v. Hall, 5 Metc. (Mass.) 287; Petrie v. Benfield, 3 Term R. 476.

The rule applies equally to deeds, records, letters, accounts, and wills (1 Whart. Ev. § 129), and, by parity of reasoning, to exhibits used upon a trial. Where, on an appeal from a justice's court, the original return is lost, the appellant must procure a new one, or obtain the signature of the justice to a copy. Smith v. Van Brunt, 2 E. D. Smith, 534. It is the duty of the appellant to supply lost papers. 12 Enc. Pl. & Prac. 785, note. When a document is lost, a press copy or a photograph of such document has high value. Next in value are copies

known to be accurate by those by whom they were made.    1 Whart.
Ev. § 133.

The omitted exhibit consists of seven sheets of plans.    The plans
were made by Emile W. Grauert for Henry Edwards Ficken long
before the trial, and were positively identified by both of these wit-
nesses as the plans used at the trial, and in this respect they were
corroborated by the counsel and attorney of the plaintiff.    No sub-
stantial reason appears for disregarding this evidence.    The seven
sheets composing the exhibit have, for convenience of reference, been
marked at the present hearing A to G.    A careful reading of the evi-
dence given by the defendant and his witnesses shows that the ab-
sence of the stenographer's mark created a suspicion, which blossomed
into a belief, and finally a charge, that the plans offered as Defend-
ant's Exhibit 6 had been tampered with.    The defendant and his wit-
nesses declined to swear that the plans exhibited (with the exception
of E and F) were not the identical plans used at the trial, and marked
"Exhibit 6."    The reason for even doubting E and F was that the
sheets seemed newer and cleaner than the others,—a circumstance ex-
plained by the architect, that the other sheets were used daily during
the progress of the work, while E and F were not so used.    The
stenographer may have failed to put his mark on Exhibit 6, or it may
have been put upon the wrapper which covered it, and is now missing.
Be that as it may, the mere absence of such mark does not authorize
the court to arbitrarily disregard that which was undoubtedly used
as evidence at the trial.    The charge of fraudulent substitution of
plans has utterly failed, and the seven sheets, A to G, must be printed
in the case.    Such charges should never be made, unless supported by
evidence to sustain them.    Reputation of counsel should not be as-
sailed without just cause.    Even where a document is offered in evi-
dence and rejected, it should be marked for identification, and incor-
porated in the case on appeal, so that the appellate court may deter-
mine whether it was competent.    Mengis v. Railway Co., 81 Hun, 480,
30 N. Y. Supp. 999.    Exhibits used upon a trial form an essential
part of the appeal book, and the failure to print them may in some
cases raise a presumption against the appellant which may result in an
affirmance of the judgment.    Sloane v. Chemical Co. (City Ct. Brook.)
18 N. Y. Supp. 442.    The defendant urges that, because the re-
spondent noticed the case for argument, she waived all right to have
the record made truthful.    This is not so, for the trial court retains
the power of making proper corrections of the record until the appeal
is disposed of by the appellate court.    No act or neglect of parties can
impose upon the court an untruthful or incomplete account of a
trial sought to be reviewed when its accuracy is challenged by an
application to make the record correct.    In Rubber Co. v. Rothery,
112 N. Y. 592, 20 N. E. 546, an order denying a motion to resettle a
case was reversed, and the motion for resettlement granted.    The
court said:

"It seems to us clear that in such a case a party is entitled as of right to
have the case show the actual facts as they really occurred on the trial, so
that an appellate court can decide the case upon a record which is absolutely
correct."

Litigants are not to be prejudiced by errors or omissions of the stenographer, whose minutes, although entitled to great weight in case of conflict respecting what took place, are not conclusive as to what occurred at the trial. The responsibility of settling a case and of determining what occurred at the trial is upon the court, aided by the stenographer's minutes, by any notes taken by the judge himself, or his memory of what occurred, or by any other means which may satisfy his conscience, and enable him to make a truthful return to the appellate court. Foster v. Bank, 21 Misc. Rep. 8, 46 N. Y. Supp. 839.

It follows that the case certified to and filed with the clerk of the appellate division must be recalled, according to prescribed practice (Rew v. Barker, 2 Cow. 408; Luyster v. Sniffin, 3 How. Prac. 250; Witbeck v. Waine, 8 How. Prac. 433), that the proper corrections may be made therein to conform to this decision.