(25 Misc. Rep. 405.)

KAMERMANN v. EISNER & MENDELSON CO.

(City Court of New York, General Term.   December 7, 1898.)

APPEAL—SETTLEMENT OF CASE.
    Where it is proposed by amendments to the proposed case to eliminate a large quantity of the testimony actually taken, leaving hardly any on which the appellate court can base a judgment, the trial judge should refuse to settle the case until the official stenographer's minutes are submitted to him.

Appeal from special term.

Action by Sarah Kamermann, an infant, by her guardian ad litem, against the Eisner & Mendelson Company.   There was a judgment of dismissal, and from an order denying a motion to resettle the proposed case and amendments on appeal, plaintiff appeals.   Reversed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

Langbien Bros., for appellant.
F. V. Johnson, for respondent.

SCHUCHMAN, J.   The action is brought to recover damages for personal injury, occasioned to the infant plaintiff by the carelessness and negligence of the defendant's servants.   At the trial the plaintiff's complaint was dismissed, and from such dismissal this appeal is taken.

To the proposed case on appeal 32 amendments were proposed, all of which the trial judge allowed; thereby eliminating from the proposed case a large quantity of testimony actually taken, leaving hardly any testimony upon which the appellate court could base any judgment or exercise any judgment.   It is true that the stenographic minutes of the official stenographer were not produced nor submitted to the trial judge on the settlement of the case.   We cannot dictate to the trial judge how the case shall be settled, and we do not propose to do so.   But the party is, as of right, entitled to have the case show

the actual facts as they really happened on the trial, so that the appellate court can decide the case upon a record which is absolutely correct. In the face of the five affidavits submitted on this motion, we maintain that the trial judge should have refused the settlement of the proposed case unless the minutes of the official stenographer should be submitted to him. Foster v. Bank, 21 Misc. Rep. 8, 46 N. Y. Supp. 839.

The order appealed from is reversed, without costs, and case remitted to the trial judge for resettlement. All concur.