(28 Misc. Rep. 436.)

JAEGER v. KOENIG.

(City Court of New York, General Term.   June 29, 1899.)

1. MOTIONS—APPEAL—SETTLING CASE.
         A motion to compel a referee before whom a case was tried to resettle
    the case on appeal should be made at the general, and not the special, term
    of the city court.

2. MOTION TO DISMISS—RENEWAL AFTER AMENDMENT OF COMPLAINT.
         After plaintiff has been allowed to amend his complaint at the trial to
    conform to the proofs, defendant is entitled to renew his motion to dismiss
    the complaint, and to have the record show all the grounds of his motion.

3. APPEAL—SETTLING CASE.
         In settling a case on appeal, appellant is entitled to the benefits of the
    cross-examination of the only witness produced by respondent at the trial,
    and to all the inferences derivable therefrom to support his theory on ap-
    peal.

Appeal from special term.

Action by Mary Louisa Jaeger against John H. Koenig.   From an
order denying a motion made by defendant to direct the referee, to
whom the issues were referred to have and determine, to resettle the
case on appeal, defendant appealed.   Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

George H. Hart, for appellant.
Samuel Scoville, Jr., for respondent.

CONLAN, J.   The motion to resettle the case by the referee should
have been made at general term, and was therefore properly denied
at special term (Cheever v. Brown, 17 Civ. Proc. R. 54, 7 N. Y. Supp.
918), but, inasmuch as the whole record is before us, we think it
proper to consider the questions presented below as if they had been
presented to us in the first instance.

    The defendant asked to have the case resettled, and presents two
subjects of error, claiming:   First. That he was entitled, after the
plaintiff was allowed to amend his complaint to conform to the proofs,
to renew his motion to dismiss the complaint, and to have the records
show all the grounds of his motion.   Second. That he was entitled
to the benefits of his cross-examination of plaintiff's husband, and
her only witness produced at the trial, and all the inferences derivable
therefrom to support his theory on this appeal.   The following cases
are in accord with the contention of the defendant:   Rubber Co. v.
Rothery, 112 N. Y. 592, 20 N. E. 546; Id., 119 N. Y. 633, 23 N. E.
529; Kamermann v. Eisner & Mendelson Co., 25 Misc. Rep. 405, 55
N. Y. Supp. 438.   It follows that the order appealed from should be
affirmed, and that the defendant have an order of this court directing
the referee to resettle the case in the particulars indicated, and that
the appeal from the judgment be heard at the September term.   All
concur.