Hovey *v.* Starr.

---

ELIZA P. HOVEY *vs.* FREDERICK STARR.

Where a married woman brings an action for the conversion of personal property, and a judgment is rendered against her for costs, she is not liable to arrest upon an execution issued against her person, for the costs.

Although section 288 of the code was intended to establish the general rule that in an action in which the defendant shall be liable to be arrested, the plaintiff himself shall be liable to an execution against the person, in case judgment be rendered against him, yet the rule thus established does not embrace those cases in which, by other provisions of the code, the same party plaintiff would not be liable to arrest if he were the defendant.

THIS action was commenced April 14, 1862, by the plaintiff, who was, and is, a married woman, against the defendant, for the conversion• of personal property. It was brought to trial, and a judgment upon the merits was rendered in favor of the defendant, with costs against the plaintiff. The defendant issued an execution against the property of the plaintiff, to the sheriff of the proper county, which was returned unsatisfied. He then issued an execution against the person of the plaintiff, which was in the hands of the sheriff. The plaintiff now moved, upon the judgment roll, and upon a stipulation embodying the above facts, to set aside the last execution, on the ground that she was not liable to arrest, being a female and a married woman.

*A. J. Wilkin,* for the plaintiff.

*W. F. Cogswell,* for the defendant.

*By the Court,* JAMES C. SMITH, J. I am not convinced of the correctness of the defendant's claim that the plaintiff, who is a married woman, is liable, under section 288 of the code, to an execution against the person, upon the judgment which has been recovered against her, in this action, for costs. That section provides that an execution may be issued against the person of the judgment debtor, if the action be one in which the defendant might have been arrested, as provided in section 179 and section 181. As the action before us is one of that description, it being for the conversion of personal property, it would of course result from a strictly literal construction of section 288, without reference to other provisions of the code, that the execution against the person of the plaintiff in this case was regularly issued. But I am of opinion that although section 288 was intended to establish the general rule, that in an action in which the defendant shall be liable to be arrested, the plaintiff himself shall be liable to an execution against the person, in case

judgment be rendered against him, yet the rule thus estabblished does not embrace those cases in which, by other provisions of the code, the same party plaintiff would not be liable to arrest if he were the defendant. The sections of the code relating to the provisional remedy of arrest before judgment, are *in pari materia* with section 288, which gives a remedy by arrest and imprisonment after judgment; and they must be read with it in order to ascertain its meaning. Thus the 288th section is modified by the last clause of section 179, which enacts that "no female shall be arrested in *any* action, except for a *willful* injury to person, character or property," and by the provision of section 278 that "no person shall be arrested in a civil action, except as prescribed in this act." Those provisions repeal all former statutes authorizing the arrest of a female on mesne process, and restore, substantially, the common law rule that in all actions *quare vi et armis, capias* lies. "The common law," says Lord Coke, "which is the preserver of the common peace of the land, did abhor all force as a capital enemy to it, and therefore against those who committed any force, the common law did subject their bodies to imprisonment, which is the highest execution, by which he loses his liberty till he agree with the party, and pay a fine to the king." (*Herbert's Case,* 3 *Co.* 11.) It was also a rule at common law that where *capias* lies in process, there, after judgment, *capias ad satisfaciendum* lies," (*Ib. ; Co. Lit.* 290 *b ;* 3 *Salk.* 286; *Tidd's Pr.* 954; 2 *Paine & Duer's Pr.* 381;) but in no other cases, unless given by statute. (*Tidd's Pr.* 953.) These rules of the common law, so far as they are applicable to the liability of females to be arrested in civil actions, whether before or after judgment, are preserved by the provisions of the code above referred to ; and as a female cannot be arrested, before judgment, in *any action,* except for a willful injury, &c. so she can not be taken in execution after judgment, except in the like case.

The defendant's counsel insists, however, that at common

law a married woman might be taken in execution, though she could not be arrested on mesne process; and he argues that section 288 was intended to preserve this rule, and should therefore be construed literally. The only authority cited by him in support of his position, is the case of *McKinstry* v. *Davis*, (3 *Cowen*, 339,) decided in 1824, in which it was said by the court that a *feme covert* is liable to be imprisoned on a *ca. sa.*, with or without her husband; though it is otherwise as to mesne process. These general statements *per curiam*, were probably made without a careful examination, and were hardly accurate; the rule then being that if a married woman be sued as such jointly with her husband, and be arrested alone, on mesne process issued against both, she will be entitled to be discharged on common bail; or if she be arrested on similar process with her husband, she will still be discharged; but the husband must remain in custody until he puts in special bail for both. Or if she be sued as a *feme sole*, she will be discharged on common bail, unless it appears that she has represented herself to be a *feme sole*. (*Clancy's Rights of Married Women*, 89. *Roberts* v. *Mason*, 1 *Taunt.* 254. *Tidd's Pr.* 172.) It was also, at that time, the practice of the English courts, in their discretion, to discharge the wife, when taken in execution, as well as on mesne process; (*Chalk* v. *Deacon*, 6 *J. B. Moore*, 128; 17 *Eng. C. L. Rep.* 465; 2 *Paine & Duer*, 5;) although at an earlier period, when the wife was taken in execution, she was not entitled to be discharged, unless it appeared that there was fraud and collusion between the plaintiff and her husband to keep her in prison. After the courts in England adopted the rule that it was matter of discretion to discharge a married woman, when taken in execution, they denied applications of that nature in many cases, on the ground that the wife had separate property and the debt ought, in equity, to be paid by her. Thus, in *Evans* v. *Chester*, (2 *Mees. & W.* 847,) a *feme sole*, after she had been served with process, but before declaration, married. The

Hovey *v.* Starr.

plaintiff proceeded against her to final judgment, and took her in execution under a *ca. sa.* A rule for her discharge, upon an affidavit stating the foregoing facts, and also alleging that no settlement was made on her at her marriage, but *not stating that she had no separate property,* was discharged. So in *Hood* v. *Matthews,* (2 *Dowl. P. C.* 149,) it was held that in an action of trespass by husband and wife, if a nonsuit takes place, the wife may be taken in execution for the costs, if she has separate property. In short, the English courts have virtually refused to allow a *ca. sa.* to be issued to enforce a judgment against a married woman, unless she has separate property which she ought to apply to its payment. In this state, the remedy by *ca. sa.* is not now needed for even that purpose. In 1862 the legislature enacted that "A married woman may be sued in any of the courts of this state; and whenever a judgment shall be recovered against a married woman, the same may be enforced by execution *against her sole and separate estate,* in the same manner as if she were sole." (*Laws of* 1862, *ch.* 172, § 7, *p.* 345.) At the same session they amended section 274 of the code, by adding thereto the following words: "In an action brought by or against a married woman, judgment may be given against her, as well for costs as for damages, or both for such costs and for such damages, in the same manner as against other persons, to be levied and collected of her separate estate, *and not otherwise."* (*Ch.* 460, § 12, *p.* 849.) Section 287 was also amended by adding the following: "An execution may issue against a married woman, and it shall direct the levy and collection of the amount of the judgment against her from her separate property, and not otherwise." (*Ch.* 460, § 13, *p.* 850.) These provisions not only authorize an execution to be issued directly against the separate property of a married woman, but it may well be questioned whether they do not prescribe an execution in that form as the only process to enforce a judgment against her. But it is not necessary to decide that question. Obviously,

the only form of property execution that can be issued on a judgment against a married woman, is an execution against her separate estate; and by sections 283 and 288 an execution against the *person* of the judgment debtor can not be issued, in any case, until after the return of an execution against his property unsatisfied. But the return of an execution against the separate property of a married woman, unsatisfied, is evidence that she has no separate property; in which case, as we have seen, she would have been discharged from imprisonment, under the former practice.

The revised statutes contained an enactment that "no female shall be imprisoned on *any process* [including of course a *ca. sa.*] in any civil action founded upon *contract.*" (2 *R. S.* 428, § 9.) Yet, if the construction contended for by the defendant's counsel is to prevail, a female plaintiff, in an action for money received by a public officer, or by an agent or other person in a fiduciary capacity, or on a promise to marry, may be imprisoned on execution, if judgment is rendered against her for costs or damages, since, in each of those cases, the defendant is liable to be arrested.

If the humane and enlightened policy of the statute last referred to is to be discarded, even in part, I think it should be done by a plain legislative enactment, and not by judicial construction.

The order should be affirmed with costs.

Ordered accordingly.

[MONROE GENERAL TERM, June 6, 1864. *J. C. Smith, Welles* and *E. Darwin Smith,* Justices.]