## THE NEW YORK RUBBER COMPANY, Appellant, *v.* JOHN ROTHERY et al., Respondents.

Where, upon settlement of a case, the judge allowed a proposed amendment, striking out a request to charge, a refusal and an exception, and, upon motion for resettlement, it appeared, without dispute, that the alleged request was specifically made, was refused and exception taken, *held,* that the refusal to grant the motion was error; that the question as to whether the request was not substantially embraced in other requests which were charged, should not be determined on such a motion, unless the contention was so plainly frivolous as not to be capable of the least discussion; that the appellant was entitled, as of strict right, to have the case show the actual facts occurring on the trial, leaving the appellate court to determine the question.

Also, that the order denying the motion was reviewable here.

(Argued January 29, 1889; decided March 5, 1889.)

THE nature of the appeal and the material facts are as follows.

This is an appeal from an order of the General Term, in the second judicial department, made September 18, 1888, which affirmed an order of the Special Term denying plaintiff's motion for a resettlement of the case herein.

The plaintiff was beaten upon the trial of the action, and made a proposed case. The eighth proposed amendment thereto struck out the alleged refusal of the court to charge the fifth of a series of requests to charge, handed up by the plaintiff's counsel, and made it appear that such request had been charged; and the exception taken to such alleged refusal as it appeared in the proposed case, was also stricken out by such proposed amendment. The ninth proposed amendment was predicated upon the eighth, and if the latter were allowed, the former would, of course, have to be. The affidavit of the counsel for the plaintiff, who tried the case, stated the following as the facts: The requests to charge numbered seven, and were supplemented by two others marked A and B. Shortly after the opening of court, on the 27th day of March, 1888, and before the summing up began,

the presiding justice was asked as to the practice with refer-
ence to handing up such requests, and whether counsel should
hand them up then, and he expressed a desire to then have
them. Thereupon counsel submitted to him the requests
which had been drawn, and they were retained during the
summing up of counsel and until the completion of the
charge. After its conclusion, and before the jury retired,
the justice returned to counsel the requests upon which he
had noted in his own handwriting the rulings he had made
thereupon. At the end of the fifth request was written the
word " refused." Counsel thereupon read in open court each
written request as it had been drawn by him, and also the
rulings which had been written thereupon by the judge, and
the stenographer afterwards borrowed such paper and com-
pared it carefully with his notes. Counsel thereupon
proceeded to take exceptions to the rulings of the judge
where he had refused to charge as requested in said written
requests. While he was taking the exception to the refusal
to charge the fifth request, as stated in that portion of the
proposed case to which the ninth amendment relates, the
judge inquired of counsel to what request that exception
referred, and counsel thereupon began to read the same over
again to him, and counsel held up the paper to show it to
him, and he thereupon reiterated his refusal to charge said
fifth request, and stated that the ruling noted thereon was
correct. Counsel thereupon requested the judge to charge
the fifth request specifically, and thereupon he refused so to
charge specifically, and refused to charge it except as charged,
and counsel thereupon excepted to his refusal.

The minutes of the stenographer who took the notes of the
trial also show that the request to charge the fifth request was
specifically made, after the conclusion of the regular charge,
and was refused and the plaintiff's counsel duly excepted. It
further appeared by the affidavit of a clerk of plaintiff's
counsel, who appeared on the settlement of the case, that the
judge upon such settlement said that it was a mistake to have

written the word "refused" after such fifth request, although such word was in his handwriting, for he had never refused to charge such fifth request; and he, therefore, allowed the proposed amendment. The fifth request was as follows: "That the plaintiff's right to maintain this action and to recover a verdict for nominal damages does not depend at all upon the plaintiff's showing any actual or any perceptible damage, but solely upon the question whether the defendants have, by the use of their race, at any season of the year diverted water from Matteawan creek, and thereby have reduced perceptibly and materially the volume or current of water which otherwise would have flowed by the plaintiff's premises." The counsel for the defendant upon the motion for a resettlement of the case filed an affidavit in which he said he was present during the whole trial and listened to all the charge and heard all the requests to charge made by counsel for the plaintiff, and that every request of the plaintiff to charge that if the defendants diverted the water from the stream so as to materially and appreciably diminish the volume of water in the stream by the plaintiff's property, then the defendants were liable, was so charged by the court.

The motion was thereupon denied.

*Austen G. Fox* for appellant. The practice adopted by the plaintiff to procure a settlement of the case in accordance with the facts as they actually occurred is the proper practice, and the order appealed from is an appealable order. (*Gleason* v. *Smith,* 34 Hun, 547.) Under the rules of practice prevalent prior to the adoption of the Code of Procedure, the proper remedy in a case like this would have been by *mandamus.* (*People* v. *Barber,* 35 Barb. 105; *Sikes* v. *Ranson,* 6 Johns. 279; Dunlap's Pr. 644; *People* v. *Judges of Westchester,* 2 Johns. 118; Tidd's Pr. 864.)

*H. H. Hustis* for respondents. The order denying a resettlement of the case on appeal is not appealable. (*Porter* v. *Parks,* 2 Hun, 675.) What occurred on the trial is necessarily

within the province of the justice settling the case. (*Tweed* v. *Davies*, 1 Hun, 252.) No appeal will lie from an order denying a motion to resettle a case on appeal. (*Klein* v. *Second Ave. R. R. Co.*, 21 J. & S. 531.)

PECKHAM, J. The affidavits on the part of the plaintiff are plain and distinct upon the point that the fifth request to charge was marked as "refused," by the learned trial judge, and that after he handed the requests back to counsel they were read aloud by him, and the fifth request was refused in open court, and an exception to such refusal then duly and openly taken. The affidavit of the counsel for defendants does not meet this distinct allegation, but says that every request of plaintiff to charge that any material and appreciable diminishing of the volume of water in the stream by plaintiff's property the defendants were liable for, was charged by the court. That is not a denial of the fact that after the charge was concluded the plaintiff's counsel again read aloud in open court the fifth request which was marked "refused" by the learned judge, and that he again refused to charge it. This was in the presence of the jury, and the exception was then taken to such refusal. From the other requests to charge, some of which the learned judge marked as "charged," and which he did charge, it may be inferred that the fifth request is claimed to have been already substantially contained in some of such prior requests which had been charged, and that hence an inadvertent marking of the fifth request as "refused" was simply a mistaken marking thereof.

Possibly that may turn out to be the truth. The counsel for the plaintiff, however, contends that there is a marked, substantial and material difference between the propositions that were charged and the fifth proposition, which was thus marked as "refused," and such refusal subsequently repeated.

We do not think we ought to decide such question on a motion of this kind, unless the contention is plainly so frivolous as not to be capable of the least discussion. If the propositions which were charged (although differently worded) are, in substance

and effect, identical with such fifth request, then the refusal to repeat them by charging the fifth request was proper, and an exception to such refusal would be of no avail. If, however, they were not thus identical, the case, as settled, deprives the plaintiff of an exception duly taken to a refusal actually made, and thus deprives it of a chance to review such ruling.

Upon the papers before us there is absolutely no conflict as to what actually took place upon the trial with reference to this request and the exception taken upon the refusal to charge it. The statement of the learned judge, as mentioned in the affidavit of the clerk of counsel for plaintiff, that he did not refuse to charge as requested, evidently refers to the previous requests which the judge had charged, and which he believed to be substantially identical with the fifth request; but we do not understand him, so far as we can gather from this affidavit, to impugn the correctness of the history of the transaction as given. And, as already remarked, it may well be that the learned judge is entirely right in his view as to the scope and meaning of such fifth request, and that he had already substantially charged it. It seems to us clear that, in such case, a party is entitled, as of strict right, to have the case show the actual facts as they really happened on the trial, so that an appellate court can decide the case upon a record which is absolutely correct.

We cannot, of course, dictate to a trial court how a case shall be settled, and we do not presume to do any such thing in this case. We can only say that upon the facts appearing as they do here, the motion for the resettlement of the case ought to be granted, to the end that the question may again be presented to the learned trial judge so that he may have an opportunity to resettle it in such manner as shall be consistent with the facts; an opportunity which we are sure none would feel greater pleasure in embracing than the distinguished and learned judge who presided on the trial of this case.

We also think the order is appealable. There being no conflict as to the facts, the plaintiff was entitled to have the motion for a resettlement granted, and the refusal deprived it of a

substantial and valuable right, and the order which denied it is reviewable here.

The orders of the Special and General Terms should, therefore, be reversed, with costs in this and the Supreme Court, and the motion for a resettlement granted.

All concur except RUGER, Ch. J., and DANFORTH, J., dissenting.

Orders reversed.