THE NEW YORK RUBBER COMPANY, Appellant, *v.* JOHN ROTHERY, *et al.*, Respondents.

*Court of Appeals, Janurary 31, 1890.*

Reversing 53 Hun, 632, Mem.

1. *Appeal. Case. Resettlement.*—The appellant is entitled, as of strict right to have the case show the actual facts as they really happened on the trial, so that the appellate court can decide upon a record which is absolutely correct.
2. *Same.*—The case herein was directed to be re-settled by the trial court so as to contain the occurrences upon the trial with respect to the request to charge and exception as they are made to appear from the appeal record.

Appeal from an order of the general term of the supreme court, affirming an order denying a motion for a resettlement of the case.

*Austen G. Fox*, for appellant.

*H. H. Hustis*, for respondents.

GRAY, J.—The case, as now presented to us, is not materially changed by the new matters, upon which the trial justice has refused the plaintiff's motion for the resettlement of his case on appeal in this action.

Upon our prior consideration of these proceedings, we held 112 N. Y. 592; 21 N. Y. State Rep. 841, that the appellant was entitled, as of strict right, to have the case show the actual facts as they really happened on the trial, so that the appellate court can decide the case upon a record which is absolutely correct. In delivering the opinion of the court, Judge Peckham reviewed the facts carefully upon which his opinion was based, and by our judgment the motion for a resettlement was granted. Our order to that effect was

made the order of the supreme court; but when the matter came on anew, the trial justice still refused to settle the case in accordance with the apparent fact. The "actual history of the request," which the justice now inserts in the case by order, and on which, with a new affidavit by Mr. Hustis, the appellant's counsel, the order appealed from is now based, contains no contradiction of the fact on which our prior opinion was predicated, viz., the fact sworn to on behalf of the plaintiff and plainly appearing in the original papers that the fifth request in writing was first marked "refused" and was again refused in open court upon the conclusion of the charge. In the paper now caused by the justice to be inserted as a "history" of what occurred, he says he "supposed" he marked an assent to all of the requests; that not a word was spoken about them, and the paper was handed back to plaintiff's attorney in silence. I *then* charged the jury, etc., and no objection was made by plaintiff's attorney to the charge. After the jury retired the plaintiff's attorney said something to the reporter, etc.

There is in all of this nothing contradictory of or inconsistent with the fact of the plaintiff again requesting aloud that the justice charge the fifth written request, and of his refusal to charge it except as charged, and of the exception to such refusal. The judge's statement plainly only covers what preceded the delivery of his charge; the absence of an objection to the charge, and something that took place after the jury retired. For the concluding part of the statement that "not a word was said as to the requests not being covered by the charge and not an exception was taken," by the usual relation of words and phrases to each other, we can only take to have reference to the allusions of the justice to the occurrences after the retirement of the jury. Nor is it contradictory of the precise contention here. And this must be so, for the reason that Mr. Hustis, in his affidavit, admits and says that after the judge had charged the jury the plaintiff's counsel requested the court to charge various

questions and read some requests in writing to the court to charge the jury, but which, he says, were granted. If we were to read or construe the judge's statement otherwise than as I have done, we should have the defendant's counsel also in direct antagonism with the trial justice and deposing in conflict with the judge's recollection. This is a confusion in recollections we need not assume so unnecessarily, for Mr. Hustis' affidavit was before the justice when he made his certificate. So, while I think it a matter for regret that this matter should have come into this exceedingly embarrassing condition, I see no reason to discredit the statements of the plaintiff's counsel and the proofs of what took place. On the contrary, I am convinced of the truth of the occurrence as it is reflected in the moving papers and the original papers.

We are not passing now on these requests or the exceptions, either as to their force or materiality. That is a matter for consideration when the case on appeal from the judgment reaches us. We only mean to hold that that case should contain the occurrences upon the trial with respect to the request and the exception as they are made to appear from this record.

The orders of the special and general terms should be reversed, with costs here and in the supreme court, and the motion for a resettlement granted.

All concur, except RUGER, Ch. J., dissenting.