(28 App. Div. 504.)

## ZIMMER v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.    April 26, 1898.)

1. APPEALABLE ORDER.

Where, upon a motion for resettlement of a case, there is no conflict as to the facts, the moving party is entitled to have the motion granted, and the case resettled so far as not inconsistent with the judge's recollection; and, as a refusal deprives him of a substantial and valuable right, the order denying the motion is reviewable on appeal.

2. PROPOSED CASE—AMENDMENT.

Where an amendment to a proposed case relates to an exception to the admission or rejection of evidence, and it appears that an objection was taken, there should be an amendment inserting the exception, but not where there was no objection made.

3. SAME.

A proposed case on appeal incorporated an exception to a part of the judge's charge, in the words used by counsel at the trial, and also added thereto the exact words of the charge assumed to be those referred to.    Upon settlement of the case, the judge allowed an amendment striking out these latter words.    *Held*, that this was a correct disposition.

4. SAME—INSERTION OF EXCEPTIONS.

Where the stenographer's minutes show that certain exceptions were taken at the close of the body of certain requests to charge, but do not show that any exceptions were taken at the time of the charge and of each request, the appellants are only entitled to the insertion of their exceptions, in the case, at the stage of the charge where they were made, and not elsewhere.

5. SAME—RESETTLEMENT BY JUDGE.

In resettling a case, the trial judge cannot be required to act in any way contrary to his own recollection of what actually occurred on the trial.

Appeal from special term.

Action by Cecelia J. Zimmer, by Charles V. Zimmer, her guardian ad litem, against the Metropolitan Street-Railway Company and the Third Avenue Railroad Company.    From an order denying a motion to resettle their proposed case on appeal, defendants appeal.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown (Henry L. Scheuerman and John T. Little, Jr., on brief), for appellants.

Ernest M. Welch, for respondent.

GOODRICH, P. J.    The action was tried before Mr. Justice Garretson, and resulted in a verdict for the plaintiff, against both defendants, and, from the judgment entered thereon, an appeal has been taken.    A proposed case and proposed amendments thereto were made and served, and the same were settled by the justice.    Thereafter a motion before him was made by the defendants, for a resettlement, and he denied the motion.    It is stated in the brief for the respondent that the justice, in denying the motion, said that he based his decision, not only upon the stenographer's minutes, but also "from his own recollection."    No such fact appears in the record, and we must decide the appeal on the record as it stands.

The first question which arises is whether the order is appealable. This is decided affirmatively in Rubber Co. v. Rothery, 112 N. Y. 592,

20 N. E. 546, where, at page 596, 112 N. Y., and page 548, 20 N. E., Peckham, J., said:

"We also think the order is appealable. There being no conflict as to the facts, the plaintiff was entitled to have the motion for a resettlement granted, and the refusal deprived it of a substantial and valuable right, and the order which denied it is reviewable here."

The next question relates to the rule to be applied as to the merits of the application for an order to resettle a case. This is stated in the same opinion:

"Upon the papers before us there is absolutely no conflict as to what actually took place upon the trial with reference to this request, and the exception taken upon the refusal to charge it. * * * We cannot, of course, dictate to a trial court how a case shall be settled, and we do not presume to do any such thing in this case. We can only say that, upon the facts appearing as they do here, the motion for the resettlement of the case ought to be granted, to the end that the question may again be presented to the learned trial judge, so that he may have an opportunity to resettle it in such manner as shall be consistent with the facts,—an opportunity which, we are sure, none would feel greater pleasure in embracing than the distinguished and learned judge who presided on the trial of this case."

This was an appeal from an order denying a motion to resettle the case, and the court reversed the order, and directed a resettlement. The case came again before the court, about a year later (119 N. Y. 633, 23 N. E. 529, and 6 N. Y. Supp. 954), on another appeal, from an order of the general term affirming an order denying a motion to resettle; and the court again directed a resettlement. It is twice stated in the brief of the learned counsel for the appellants that the clerk of the court was directed to correct the record, or make the correction in the record; but I do not find in either of the two volumes referred to any such fact stated.

In Grossman v. Supreme Lodge, 16 N. Y. Civ. Proc. R. 215, 5 N. Y. Supp. 122, the general term of the First department, Mr. Justice Bartlett writing the opinion, said:

"In the settlement of a case, what occurred upon the trial must be ascertained from what the presiding justice finds to be the truth (Tweed v. Davis, 1 Hun, 252, 255); and 'he may hear and consider the affidavits of the parties and their counsel, inspect their notes as well as his own, and consult his own recollection, as well as other accessible means of information, for the purpose of settling the controversy between the parties concerning what may have actually taken place.' But, if he is asked to place upon the record statements of fact which are at variance with his own memory of what happened, he cannot be compelled to do so, nor would it be proper that he should. It is not only his right, but his duty, to settle the case according to his own recollection of what occurred, if he is perfectly confident that such recollection is correct. This is what we understand to be the position of the learned judge who tried the case at bar. He has refused to put the case on appeal in the form desired by the counsel for the appellant, because to do so would be to depart from the truth as he recollects it. His action in this respect is conclusive upon the appellate tribunal."

In Tweed v. Davis, 1 Hun, 252, 255, Daniels, J., said:

"What transpired upon the trial must therefore be ascertained from what the justice presiding finds to be the truth. His determination, after hearing the parties, is judicial, and must be conclusive upon the court in the disposition of an application like the present one."

The record, however, contains no affidavits contradicting the affidavits of the defendants, upon which the motion to resettle was made.

There are four affidavits, of Messrs. William N. Cohen and Henry L. Scheuerman, who were counsel at the trial for the defendant the Third Avenue Railroad Company, and Messrs. Henry Thompson and John T. Little, who represented the Metropolitan Street-Railway Company. These affidavits are not made on information and belief, but on positive testimony as to the questions involved; and, in the absence of any opinion from the learned justice, we think the case should be amended so as to incorporate the several proposed amendments, on the following principle: Where the amendment relates to an exception to the admission or rejection of evidence, and it appears that an objection was taken, there should be an amendment inserting the exception, but not where there was no objection made.

As to the exceptions to the charge; subject to the suggestions already made, the applicant is only entitled to have in the record the exact statements made by him upon the trial. As an illustration, the proposed case contained the following:

"Mr. Thompson: I except to that part of the charge that the rule governing the defendant the Metropolitan Street-Railway Company's liability was that it should exercise the utmost care and skill of human foresight."

There followed in the proposed case a quotation from the charge, of the words to which the appellant claimed that his exception related. The amendment strikes out the words quoted by the appellant. The justice allowed the amendment, and his decision was correct. The appellant is entitled to have the benefit of what he said when he excepted. That is sufficient to enable the appellate court to decide to what part of the charge the exception relates.

The proposed case, in some instances, contains exceptions by one of the defendants to the charge of certain requests made by the other defendant, where the court charged as requested, and inserted an exception at the end of each request. The stenographer's minutes do not show that any such exception was taken at the time of the charge and of each request, but they do show that certain exceptions were taken at the close of the body of the requests. In such cases the appellants are entitled to the insertion of their exceptions at the stage of the charge at which they were made, and not elsewhere.

These suggestions seem to cover the entire questions, and will, perhaps, assist the learned justice in a resettlement; but we do not mean to be understood as suggesting that he is bound to act in any way contrary to his own recollection of what actually occurred on the trial.

The order appealed from is reversed, without costs, and a resettlement of the case and amendments ordered. All concur.