GEORGE W. COOLEY, Respondent, v. THE TRUSTEES OF THE NEW YORK AND BROOKLYN BRIDGE, Appellant.

*Appeal — a colloquy on the trial is to be set forth in a case on appeal in full, and not the court's conclusion therefrom as to what was admitted.*

Where it appears that a statement, contained in a case upon appeal, that the counsel for the defendant made certain admissions, was a conclusion reached by the trial court, as an inference from a colloquy between the court and the defendant's counsel, the defendant is entitled to have the colloquy set out in order that the appellate court may determine whether the trial court was or was not warranted in drawing such inference.

APPEAL by the defendant, The Trustees of the New York and Brooklyn Bridge, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 27th day of December, 1898, denying in part the defendant's motion to resettle the case upon appeal.

*James C. Bergen,* for the appellant.

*G. Washbourne Smith,* for the respondent.

PER CURIAM:

The learned judge to whom the application for a resettlement was made directed that there be inserted in the case a statement which begins with the declaration, "It was admitted by counsel for the defendant." Then follows the matter which is asserted to have been admitted. The moving papers set out in detail the colloquy which the defendant's attorney deposes took place upon the trial in respect to this subject. The opposing affidavit sets out the plaintiff's version of this colloquy, and in minuteness of detail it

surpasses by far the averments of the moving affidavit. It is conceded that the official stenographer made no record of the subject, and it also appears that no formal admission was made of a particular fact. The admission, if such it was, is gathered from questions by the court and replies made thereto by the defendant's counsel. The latter strenuously insists that he made no admission such as is contained in the statement, while the affidavit of plaintiff's attorney gives from his memory a detailed colloquy from which such admission and more can be gathered. It is evident, therefore, that the statement is a conclusion reached by the court as an inference from what transpired. If this inference was not warranted by all that was said and done, then the defendant is not to be concluded thereby. As the statement is made, however, it is conclusive not only upon the defendant but upon this court. A case is required to be made up of the transaction as it appeared upon the trial; all of the facts are to be set down, and it is from these facts that the appellate tribunal is to determine whether the conclusions drawn by the trial court are warranted or not. If the court sets out its conclusions as the facts of the case, it is manifest that the appellate tribunal has only the perfunctory duty of affirming such conclusions. The object of the appeal, however, is to show that the court was not warranted in drawing the conclusion which it did draw from all the proceedings which were had. The defendant, therefore, became entitled to have the colloquy set out from which the inference of an admission was drawn, in order that this court may pass upon the question as to whether it was authorized to be drawn or not. We are not now concerned with the question of how this matter affects the questions presented by the appeal. It is sufficient to say that the defendant is entitled to have the subject-matter stated in the record so far as the same is material to any material question which the case presents.

The order should, therefore, be reversed, and the case remitted for resettlement.

All concurred.

Order denying motion to resettle case reversed and case remitted for resettlement.