(63 App. Div. 271.)

### CSATLOS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

APPEAL—CASE—AMENDMENT—RESETTLEMENT.

    Plaintiff objected to a question to a witness, but, after objection sustained, and the defendant's exception thereto, stated that, if the evidence was offered to show that the witness had been sworn, he consented to the question, but not to any general conversation at the time. In defendant's case on appeal from a judgment for plaintiff, the ruling of the court and the defendant's exception were inserted after the objection and its modification, and plaintiff's amendment inserting the qualification after the ruling and exception refused, and the qualification stricken out. *Held*, error to refuse plaintiff's motion for a resettlement of the case in accordance with the fact as to the time the modification was made.

Appeal from special term, New York county.

Action for injuries by William Csatlos against the Metropolitan Street-Railway Company. From an order denying his motion for a resettlement of the case, to be used on defendant's appeal from a judgment in plaintiff's favor, plaintiff appeals. Reversed.

Argued before PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Wm. H. Leonard Edwards, for appellant.
John T. Little, for respondent.

LAUGHLIN, J.  Plaintiff has recovered a verdict for $10,000 damages, sustained through the negligence of the defendant in the operation of a street car.  Upon the trial the driver of the car was called as a witness for the plaintiff.  On cross-examination the witness, after testifying that he had made a statement concerning the accident which the bookkeeper of defendant wrote down, but which the witness did not sign, was shown a statement, which he admitted had been subscribed by him in the presence of one Stansbury, who presented the statement to him at the company's office.  The statement purported to have been subscribed and sworn to before Stansbury as a commissioner of deeds.  The witness was then asked, "And what did he (meaning Stansbury) say to you before you signed it?"  The question was objected to by plaintiff's counsel "as calling for incompetent evidence."  The objection was sustained, and defendant duly excepted.  Plaintiff's counsel thereupon said, "If the evidence is offered to show that he (meaning Stansbury) swore him, I consent to the question, but not to any general conversation."  The official stenographer's original notes and his transcript therefrom show that the qualification of the objection of plaintiff's counsel to this question was made after the ruling of the court, and after defendant had taken an exception.  There is no dispute that plaintiff's counsel modified his objection to the question as herein stated, and that such modification was not made until after the ruling and exception on the original unqualified objection to the evidence as incompetent.  In defendant's proposed case and exceptions the ruling of the court and defendant's exception were inserted after both the objection to the question and the qualification or modification of such objection.  Plaintiff, by an appropriate amendment to the proposed case, sought to have the qualification or modification of the objection inserted after the ruling and exception in accordance with the fact as to the time it was made.  The trial judge, instead of allowing this amendment, on his own motion struck out altogether the said statement of plaintiff's counsel made after the ruling and exception.  Plaintiff thereupon moved for a resettlement of the case in accordance with his proposed amendment.  The motion was denied, and plaintiff appealed.

The cross-examination of the witness printed in the record before us indicated that he testified that the car brake was out of repair, and that its defective condition had been reported to the company prior to the accident.  It is manifest, therefore, that it is important to the plaintiff to have the records show that he withdrew his objection to the question to the extent of allowing it to be shown that the witness was duly sworn.  The record should show the various steps and proceedings in their order upon the trial, and plaintiff was, therefore, also entitled to have the statement inserted at its proper place in accordance with his proposed amendment.  Cooley v. Trustees, 36 App. Div. 520, 55 N. Y. Supp. 832.  The Code now expressly provides that such an order is appealable.  Code Civ. Proc. § 1347, as amended by chapter 946, Laws 1895.  The statement excluded may have a material

bearing on the question as to whether the ruling and exception, with reference to which it was made constitute reversible error, and, there being no dispute about the facts, and nothing in the order to show that the recollection of the trial judge in any manner differs from the official stenographer's record, the motion for a resettlement should have been granted. Zimmer v. Railroad Co., 28 App. Div. 504, 51 N. Y. Supp. 247; Gleason v. Smith, 34 Hun, 547; Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546; Id., 119 N. Y. 633, 23 N. E. 529.

The order appealed from should be reversed, with $10 costs and disbursements, and motion to resettle the case in accordance with plaintiff's twenty-eighth proposed amendment granted, without costs. All concur.