### ALLEN v. BECKET.

(Supreme Court, Appellate Term. November 18, 1903.)

1. EXECUTION AGAINST THE PERSON.
   In an action for conversion resulting in favor of defendant (a woman), an execution should not be granted against the person of the plaintiff to collect costs, since the right to such an execution depends on the right he would have had to an execution against her person if judgment had gone against her; and under Code Civ. Proc. §§ 548–551, relating generally to arrests in civil actions, and sections 553, 1488, limiting the right in the case of a woman, she could not have been arrested in this action.

2. TAXATION OF COSTS—DISCRETION OF COURT.
   It is within the discretion of the court to impose $10 costs upon the plaintiff upon his withdrawal of a motion for a resettlement of an order of the court.

3. RESETTLEMENT OF COURT'S ORDER—NOTICE—RECITAL IN ORDER.
   Where an order was entered by defendant's attorney without notice to plaintiff's attorney, and made no reference to an amended complaint on which it is conceded to have been based, it should be resettled on motion of plaintiff.

Appeal from City Court of New York, Special Term.

Action by Willard S. Allen against Mary A. Becket, doing business under the name of Haeger Storage Warehouses. From three orders made in favor of defendant, plaintiff appeals. First and third orders reversed, and second order affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

James A. Allen, for appellant.
Jacob Fromme, for respondent.

FREEDMAN, P. J. There are appeals from three orders embraced herein: (1) An order made herein on the 4th day of May, 1903, denying the plaintiff's motion to vacate an execution against his person issued upon the judgment for costs rendered herein against him upon the dismissal of the complaint; (2) so much of an order made on the 6th day of May, 1903, upon the plaintiff's application

for a resettlement of the said order of May 4th, as imposed upon the plaintiff $10 costs; and (3) an order made on the 11th day of May, 1903, denying the plaintiff's application for a resettlement of the said order of May 4th. The action was brought against the defendant, who is a woman, for conversion. At the close of the plaintiff's case the complaint was dismissed, and judgment was entered against the plaintiff for $105.30 costs. After the issuing and return unsatisfied of an execution against the property of the plaintiff, an execution was issued against his person, and he was arrested. Plaintiff moved to vacate this execution. This motion was denied, with $10 costs. It should have been granted. The right of the defendant to arrest the plaintiff upon a body execution depends solely upon the right of the plaintiff to have the defendant arrested had the judgment been against her instead of against him. Section 548 of the Code of Civil Procedure provides: "A person shall not be arrested in a civil action or special proceeding except as prescribed by statute." Section 549 prescribes the cases wherein the defendant may be arrested when the right to arrest depends upon the nature of the action. Section 550 provides when the right to arrest the defendant depends upon extrinsic facts. Section 551 provides that, when the right to arrest depends upon extrinsic facts, the order can be granted only by the court. Section 553 is as follows: "A woman cannot be arrested as prescribed in this title, except in a case where the order can be granted only by the court; or when it appears that the action is to recover damages for a wilful injury to person, character or property." The case where the order can be granted only by the court is, as is stated in section 550, "in an action wherein the judgment demanded requires the performance of an act the neglect or refusal to perform which would be punishable by the court as a contempt where the defendant is not a resident of the state, or being a resident of the state is about to depart therefrom, by reason of which non-residence or departure there is danger that a judgment or an order requiring the performance of the act will be rendered ineffectual." This action was not brought for any of the causes enumerated in section 550, nor for a cause of action specified in section 553. No order of arrest could, therefore, have been granted herein against the defendant, and under section 1488 no execution can issue against the person of a woman unless an order of arrest has been granted and executed in the action. The defendant was therefore entitled to no body execution. The order denying the motion to vacate the order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

Upon the appeal from the order of May 6th imposing costs upon the plaintiff upon his withdrawal of his motion for a resettlement of the order denying plaintiff's motion to vacate the execution, we cannot say that the imposition of such costs was such an abuse of discretion in the court below as to warrant our interference therewith. Moreover, the plaintiff accepted the terms imposed by withdrawing his motion, and that order must be affirmed, with $10 costs.

As to the appeal from the order denying the motion for a re-

settlement of the order of May 4th, it appears uncontradicted that the order of May 4th, denying plaintiff's motion to vacate the execution, was entered by the defendant's attorney without notice to the plaintiff's attorney, and that it did not recite that the motion was based upon "amended" complaint, and stated that "on perusing the complaint and the said execution." While, perhaps, no just criticism can be made upon the use of the word "perused" instead of the word "read" in the order so entered, nevertheless, as the order to show cause was concededly based upon the "amended" complaint, and not upon the original, the motion to resettle it should have been granted to that extent at least. Zimmer v. R. R. Co., 28 App. Div. 504, 51 N. Y. Supp. 247. The order denying the motion to resettle the order is therefore reversed, with $10 costs. All concur.