## CHAUCHERIE v. POPPER.

(City Court of New York, Special Term.  March 12, 1908.)

JUDGMENT—PROVISIONS FOR ENFORCEMENT—ARREST OF JUDGMENT DEBTOR.

Code Civ. Proc. § 1488, provides that an execution cannot be issued against the person of a woman unless an order of arrest has been granted and executed in the action, etc.  Section 553 provides that a woman cannot be arrested pending an action, except in a case where the order can be granted only by the court, or where it appears that the action is to recover damages for a willful injury to person, character, or property. A judgment in an action brought by a woman was for defendant, and it was adjudged that, if an execution against plaintiff's property was returned unsatisfied, defendant should have execution against the person of the plaintiff.  No order for arrest had been granted in the first instance, and the action was not within the exceptions enumerated in section 553. *Held*, that the provision for execution against plaintiff's person should be stricken from the judgment upon motion.

Action by Kate Chaucherie against Morris Popper.  On motion to strike a certain clause from the judgment for defendant.  Motion granted.

H. A. Blumenthal, for plaintiff.
Herman Gottlieb, for defendant.

FINELITE, J.  This is a motion made by the plaintiff to strike from the judgment entered herein the following clause:

"And if an execution against the plaintiff's property be returned unsatisfied, it is further ordered and adjudged that the defendant have execution against the person of the plaintiff herein."

The plaintiff, a married woman, brought an action to recover damages for slander.  The jury found a verdict in favor of the defendant, who thereupon entered a judgment containing the clause above quoted.  In Hovey v. Starr, 42 Barb. 435, the court, by Smith, J., say:

"I am not convinced of the correctness of the defendant's claim that the plaintiff, who is a married woman, is liable under section 288 of the Code to an execution against the person upon the judgment which has been recovered against her in this action for costs.  That section provides that an execution may be issued against the person of the judgment debtor if the action be one in which the defendant might have been arrested, as provided in section 179 and section 181 (section 553 of the Code of Civil Procedure).  * * *  But I am of opinion that, although section 288 was intended to establish the general rule that in an action in which the defendant shall be liable to be arrested the plaintiff himself shall be liable to an execution against the person in case judgment be rendered against him, yet the rule thus established does not embrace those cases in which by other provisions of the Code the same party plaintiff would not be liable to arrest if he were the defendant."

Section 553, Code Civ. Proc., limits the actions in which a married woman may be arrested to those to recover damages for a willful injury to person, character, or property.  In Allen v. Becket (Sup.) 84 N. Y. Supp. 1009, Freedman, J., says:

"No order of arrest could therefore have been granted herein against the defendant, and under section 1488 no execution can issue against the person of a woman unless an order of arrest has been granted and executed in the action."

"It was also a rule at common law that where capias lies in process, there, after judgment, capias ad satisfaciendum lies, but in no other cases, unless given by statute." Hovey v. Starr, 42 Barb. 437, and authorities there cited.

"The rules of the common law, so far as they are applicable to the liability of females to be arrested in civil actions, whether before or after judgment, are preserved by the provisions of the Code above referred to, and, as a female · cannot be arrested before judgment in any action except for a willful injury, etc., so she cannot be taken in execution after judgment except in the like case." Hovey v. Starr, supra.

"A married woman cannot be arrested for costs." Crocker on Sheriffs, § 298, and authorities there cited.

No order of arrest having been granted and executed in the first instance, and this action not falling within section 553, Code Civ. Proc., the motion to strike out the above-quoted clause from the judgment entered herein is granted, without costs.