WILLARD S. ALLEN, Appellant, *v.* JACOB FROMME, Respondent.

**Conversion — execution against body — pleading.**

An allegation in a complaint in an action for conversion, that the defendant, a woman, asserted a lien for charges as a warehouseman, does not charge a willful injury to property, and she is not liable to arrest, within the meaning of section 553 of the Code of Civil Procedure. Hence, on succeeding in the action, a body execution against the plaintiff therein is not authorized, and defendant's attorney is liable for damages resulting from resorting to such process for the enforcement of the judgment obtained on dismissal of the complaint.

*Allen* v. *Fromme,* 124 App. Div. 936, reversed.

(Argued April 6, 1909; decided June 1, 1909.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Allen* for appellant. The judgment upon which the execution for plaintiff's arrest was based did not belong to

the class of cases in which a body execution was authorized to be issued. (*Allen* v. *Becket*, 84 N. Y. Supp. 1009; Code Civ. Pro. §§ 548–551, 553; *Ins. Co.* v. *Shuler*, 28 Hun, 338; *Wood* v. *Henry*, 40 N. Y. 124; *Hovey* v. *Starr*, 42 Barb. 435.) Because of the nature of the action of *Allen* v. *Becket* the defendant therein was not subject to arrest. (Code Civ. Pro. § 553; *Swinfen* v. *Bacon*, 6 H. & N. 846.)

*Samuel Hoff* and *Jacob Fromme* for respondent. The court was right in dismissing the plaintiff's complaint. (*Knapp* v. *Murray*, 20 App. Div. 83; *Farley* v. *Hubbard*, 148 N. Y. 592; *Davids* v. *B. H. R. R. Co.*, 104 App. Div. 23; *Catlin* v. *Adirondack Co.*, 20 Hun, 19; *Parker* v. *Spear*, 62 How. Pr. 395.) Although the defendant in the case of *Allen* v. *Becket* was a woman, she was liable to arrest for the conversion with which she was charged in the complaint. (*Duncan* v. *Katen*, 6 Hun, 1; 64 N. Y. 625; *N. R. Co.* v. *Carpentier*, 3 Abb. Pr. 259; *Starr* v. *Kent*, 2 Code Rep. 30; *Anderson* v. *How*, 116 N. Y. 336.)

WILLARD BARTLETT, J. This is an action to recover damages alleged to have been sustained by the plaintiff by reason of the unlawful issuance of an execution against his person at the instance of the defendant. In 1901 Willard S. Allen, the plaintiff herein, brought an action for conversion in the City Court of New York against Mary A. Becket who was engaged in the storage business. The alleged conversion was based upon the refusal of Mary A. Becket to deliver to the plaintiff's assignor certain personal property which she held on storage unless he paid the cartage and warehouse charges upon the same. The plaintiff's assignor claimed a superior lien to that of the warehouseman under a duly filed chattel mortgage. The defendant Mary A. Becket prevailed in the action in the City Court. Jacob Fromme, the defendant herein, was her attorney. No order of arrest was ever granted or executed therein. After the entry of judgment and the return of an execution against the property of the plaintiff unsatisfied,

Jacob Fromme issued an execution against the person of the plaintiff under which he was taken into custody and restrained of his liberty for six months. An application to vacate and set aside this execution was denied by the City Court but the order denying the same was reversed by the Appellate Term in 1903. Upon these facts the plaintiff brought the present action, insisting that the judgment upon which the execution against the plaintiff's person was based was not rendered in an action in which the law authorized the issue of such an execution. The trial judge took a different view and dismissed the complaint without taking any testimony. The Appellate Division unanimously affirmed the judgment entered upon the dismissal and the plaintiff now brings the question here by permission of one of the judges of this court.

The City Court suit was an action for conversion by a man against a woman in which the woman was successful. The right to enforce a judgment by an execution against the person of the judgment debtor exists in two classes of cases : (1) Where the plaintiff's right to arrest the defendant depends upon the nature of the action ; and (2) in any other case where an order of arrest has been granted and executed in the action, and if it was executed against the judgment debtor, where it has not been vacated. (Code Civ. Proc. § 1487.) This provision of the Code is further limited by the next section which provides that an execution cannot be issued against the person of a woman unless an order of arrest has been granted and executed in the action. (Code Civ. Proc. § 1488.)

No order of arrest was granted in the City Court suit, so that the only provision which can possibly have any application as justifying the issue of the execution against the person of the plaintiff is that which permits a body execution in cases where the plaintiff's right to arrest the defendant depends upon the nature of the action.

A defendant may be arrested in an action to recover damages for an injury to property, including the wrongful taking, detention or conversion of personal property. (Code Civ. Proc. § 549, subd. 1.)

But a woman cannot be arrested except in a case where the order can be granted only by the court "or where it appears, that the action is to recover damages for a wilful injury to person, character, or property." (Code Civ. Proc. § 553.)

"An injury to property" is defined by the Code of Civil Procedure to be "an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." (Code Civ. Proc. § 3343, subd. 10.)

Was the conversion charged against the female defendant in the City Court suit of *Allen* v. *Becket* a willful injury to property? If it was not, the female defendant therein was not liable to arrest; and if she was not liable to arrest an execution could not lawfully issue against the person of the judgment debtor. It was evidently the purpose of the legislature to restrict the right to arrest a woman in cases of conversion to those in which there was a wrongful intent as distinguished from a merely legal wrong; thus a person who had in good faith acquired stolen property for value might refuse to comply with a demand to restore it to the true owner in equally good faith, yet he would thereby render himself liable for conversion. A wrongful intent is not necessarily an element of a conversion. "It is sufficient if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it." (*Laverty* v. *Snethen*, 68 N. Y. 522, 527.) The conversion with which Mary A. Becket was charged in the City Court suit did not import any willful wrongdoing on her part. On the contrary the allegations of the complaint in that case plainly show that she had merely asserted the lien of a warehouseman. The fact that this lien was inferior to that of the plaintiff's assignor, if such were the fact, did not make her act a willful injury to property within the meaning of section 553 of the Code of Civil Procedure. The nature of the action, therefore, was not such as rendered her liable to arrest and hence not such as authorized the issue of a body execution by her attorney against the plaintiff after she had prevailed in the City Court.

As was said by Mr. Justice FREEDMAN in the Appellate Term upon the reversal of the order of the City Court, holding that the execution was improperly issued : " The right of the defendant to arrest the plaintiff upon a body execution depends solely upon the right of the plaintiff to have the defendant arrested had the judgment been against her instead of against him." (*Allen* v. *Becket,* 84 N. Y. Supp. 1009.)

The respondent relies largely upon the case of *Duncan* v. *Katen* (3 Hun 1 ; affd. without opinion, 64 N. Y. 625). There the Supreme Court was called upon to construe the meaning of the word willful in section 179 of the Code of Procedure which provided that "no female shall be arrested in any action, except for a willful injury to person, character or property." This is substantially the same as the prohibition now contained in section 553 of the Code of Civil Procedure. The point actually decided in *Duncan* v. *Katen* tends to support the position of the appellant rather than that of the respondent; for the female defendant in that case had persuaded the clerk of the plaintiffs to take twenty thousand dollars of gold certificates from his employers and give them to her. There was no room for doubt that this constituted a willful conversion in the sense of actual, personal wrongdoing to the injury of the plaintiffs. Nor am I able to perceive how the case of *Davids* v. *Brooklyn Heights R. R. Co.* (104 App. Div. 23) aids the respondent. The plaintiff there was not a female and the decision, so far as it has any application here, merely asserts that where the nature of the action is such that an execution against the person can be issued upon a judgment recovered by the plaintiff such an execution may issue on a judgment recovered against him for the costs.

The dismissal of the complaint in this action upon the opening was equivalent to a judgment sustaining a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. I think that the trial court erred in thus dismissing the complaint. Assuming the truth of the allegations therein contained it appeared that the

defendant had issued an execution against the person of the plaintiff wholly without authority of law, and that the plaintiff had been arrested and restrained of his liberty under such execution for a period of six months. These facts entitled the plaintiff to recover of the defendant such damages as he could prove that he had sustained as a consequence of the defendant's mistake in resorting to process for the enforcement of the judgment which the law did not permit. The plaintiff should have been allowed to litigate his claim for such damages upon the merits instead of being thrown out of court at the very outset of the case. For these reasons the judgments of the Trial Term and of the Appellate Division should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK and CHASE, JJ., concur; EDWARD T. BARTLETT, J., dissents.

Judgments reversed, etc.