FRANK et al. v. SUBIN et al.

(Supreme Court, Appellate Term. June 24, 1910.)

1. APPEAL AND ERROR (§ 657*)—CASE ON APPEAL—SETTLEMENT—JUDICIAL POWER.

The Appellate Court cannot dictate to the trial judge how a case shall be settled, but may determine whether amendments should have been allowed, and, if so, may give him opportunity to settle the case according to the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2830–2833; Dec. Dig. § 657.*]

2. APPEAL AND ERROR (§ 559*)—CASE ON APPEAL—CONTENTS.

On a settlement of a case on appeal, questions and answers not denied to have been propounded and given are improperly stricken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2483–2489; Dec. Dig. § 559.*]

3. APPEAL AND ERROR (§ 559*)—CASE ON APPEAL—CONTENTS.

Remarks not denied to have been made by the trial court are improperly stricken from the case on appeal or its settlement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2483–2489; Dec. Dig. § 559.*]

Appeal from City Court of New York, Special Term.

Action by Maurice Frank and others against Moses Subin and another. From an order denying a resettlement of the case on appeal, plaintiffs appeal. Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Harry L. Herzog (Moses Cowen, of counsel), for appellants.
Isidor Cohn and Jacob I. Berman, for respondents.

PER CURIAM. The respondents presented 21 amendments to the proposed case on appeal, which the court below allowed. The appellants then moved for a resettlement of the case, and the court made an order denying that motion. From the order so made the appellants appeal to this court.

It is not within our province to dictate to the trial court how a case shall be settled, but we are called upon on this appeal to determine whether or not the amendments ought to have been allowed, and, if so, to accord the trial justice an opportunity to settle the case in accordance with the facts. N. Y. Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546; Trumbley v. N. Y. C. & H. R. R. R. Co., 122 N. Y. Supp. 1071.

The forty-ninth, sixty-eighth, seventy-first, and seventy-sixth amendments strike out of the record certain questions and answers which appear in the record. It is not denied that these questions were asked and these answers made. These questions and answers should therefore be permitted to remain in the case on appeal. We are also of the opinion that the thirty-sixth and thirty-ninth amendments striking out remarks of the court should have been disallowed. It is not denied that these remarks were made, and they should therefore be included in the case on appeal. We have examined all of the amendments, and are of the opinion that the forty-sixth, sixty-second, and seventieth amendments should have been disallowed.

We have indicated our opinion as to the changes which should be made in the case on appeal, and we have no doubt that the learned trial justice will settle the case accordingly, to the end that a record may be presented to this court which shall truly state what occurred upon the trial.

The order is reversed and the case remanded to the lower court for resettlement. No costs.