SILVERBLATT v. ROSENBERGER et al

(Supreme Court, Appellate Term. March 25, 1912.)

APPEAL AND ERROR (§ 569*)—RECORD—CASE ON APPEAL—SETTLEMENT.

While it is the province of the trial judge to settle a case on appeal, the settlement must be according to the stenographer's record, and not in disregard thereof; and matter extraneous thereto should not be included, except as to matters within the trial judge's independent recollection and improperly omitted from the stenographer's minutes.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

Appeal from City Court of New York, Special Term.

Action by Louis Silverblatt, trading as Silverblatt & Michaelson, against Isidor Rosenberger and another, partners as Rosenberger &

Co. From an order refusing to resettle a case on appeal, defendants appeal. Reversed, and case ordered resettled.

See, also, 133 N. Y. Supp. 990.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Gallert & Heilborn (Walter S. Heilborn, of counsel), for appellants.
Horace London, for respondent.

GUY, J. Defendants appeal from an order denying defendants' motion to resettle the case herein on appeal. To the proposed case on appeal plaintiff proposed 146 amendments. Defendants accepted 48 of these proposed amendments, and the trial court allowed every other proposed amendment but one. Defendants moved to resettle the case, so far as it affected 50 of the proposed amendments allowed by the court. This motion was denied. A comparison of the settled case on appeal with the stenographer's minutes, as to the correctness of which there was no serious dispute, shows a very serious variance between the stenographer's minutes and the case as settled as to the material points at issue. "It is not within our province to dictate to the trial court how a case shall be settled; but we are called upon on this appeal to determine whether or not the amendments ought to have been allowed, and, if so, to accord the trial justice an opportunity to settle the case in accordance with the facts." See Frank et al. v. Subin et al., 123 N. Y. Supp. 890.

In view of the great number of necessary amendments to the proposed case on appeal, it is not surprising that the trial justice, actively engaged in the performance of his duties, should have erred in granting other proposed amendments. In this case the defendants, in submitting a proposed case on appeal which contained many errors, and the plaintiff, in asking for a number of amendments which were utterly unwarranted and misleading, have been equally guilty of placing upon the trial justice an unreasonable burden in the settlement of the case. We think the case should be resettled, so as to disallow the following amendments proposed by the plaintiff: 22, 40, 58, 60, 62, 63, 80, 81, 97, 105, 118, 119, 126, 131, and 134.

While it is the province of the trial judge to settle the case on appeal, the settlement must be in accordance with the stenographer's record of the trial, and not in disregard thereof. The provisions of law governing the making of a case on appeal contemplate that the case as settled shall substantially be, though in narrative form, a reproduction of all that is material in the stenographer's minutes, and shall not include anything extraneous to such minutes, unless it appears clearly that such matters are inserted by reason of the fact that the trial justice has independent recollection that they actually occurred on the trial and were improperly omitted from the stenographer's minutes, or it is shown that the stenographic report is inaccurate.

The order denying the motion for resettlement must therefore be reversed, and the case ordered resettled by the trial judge, without costs of appeal to either party. All concur.