RITZ CARLTON APARTMENTS, INC., Respondent, *v.* SIDONIA FRIED, Appellant.*

Supreme Court, Appellate Term, First Department, June 18, 1929.

*Paul Orszag*, for the appellant.

*Freiman & Brecher*, for the respondent.

CALLAHAN, J. Without passing on the point as to whether section 25 of the New York City Municipal Court Code had been complied with, we feel that the order directing the body execution must be reversed for the reason that the defendant being a woman was exempt from body execution under section 765 of the Civil Practice Act. The justice below held that because the action involved a

* Revg. 133 Misc. 607.

willful injury to property within the meaning of the Civil Practice Act a body execution might be issued against the defendant, a woman, relying on the authority of *Delbon* v. *Krautwald* (165 N. Y. Supp. 534). That was a decision of the Municipal Court and was reversed in 169 New York Supplement. 610. It is true that the reversal was based on other grounds and that in reversing the judgment the Appellate Term stated that they saw no willful injury in the action. Whether or not the action involves a willful injury only affects the right to procure an order for the arrest of a woman, under section 829 of the Civil Practice Act. It has nothing to do with issuing a body execution against a woman which is covered by section 764 and section 765 of that act. The cases cited by the Appellate Term in *Delbon* v. *Krautwald,* other than that of *Allen* v. *Fromme* (195 N. Y. 404), were all cases involving orders of arrest of women, not body executions. *Allen* v. *Fromme* is not authority for the issuance of a body execution against a woman when the action involves a willful injury. In that case Allen, a man, had been an unsuccessful plaintiff in a former action brought in the City Court of the city of New York against a woman named Becket, and had been arrested on a body execution in that former action on a judgment for costs. The execution was vacated and Allen brought the suit against Fromme, Mrs. Becket's attorney, for damages for false arrest. The Court of Appeals was construing section 1487 of the Code of Civil Procedure, now section 764 of the Civil Practice Act, in deciding the question as to whether a body execution could properly issue against Allen, a male judgment debtor, on the judgment for costs. The court expressly noted that Mrs. Becket had never been arrested in the action against her and said that, therefore, the only question was whether the right to an order of arrest against her existed because of the nature of the action. As to that question the court reviewed at length the kind of actions in which such an order of arrest could issue. This discussion was misinterpreted by the learned Municipal Court justice who decided the case of *Delbon* v. *Krautwald* as relating to the issuance of a body execution. It had nothing at all to do with that right. That right as to a female judgment debtor depends on whether the judgment debtor had been arrested on an order of arrest issued in the action, not whether she might have been so arrested. Illustrating by reference again to the case of *Allen* v. *Fromme,* if because of the nature of the action the plaintiff Allen had the right to an order of arrest of the defendant Becket in the action against her, because he did not avail himself of that right, he would have been unable to issue a body execution against her, even if he had succeeded. On the other hand, being unsuccessful

he, as a male judgment debtor, would be liable to body execution if the action was one where the plaintiff had the right to an order of arrest of the defendant. Section 765 of the Civil Practice Act clearly and unmistakably restricts the right to a body execution against a woman to a case where an order of arrest has actually been granted and executed in the action. No such order having been procured here, the order below was improper and is reversed, with ten dollars costs, and the motion denied.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.