ANNA GUNDERSEN and Another, Respondents, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.— Order denying motion to resettle case on appeal affirmed, with ten dollars costs and disbursements. This court may not disturb the rulings of the trial judge in settling a case where an issue of fact arises as to whether an incident did or did not take place on a trial or an exception was or was not taken on a trial. In *Zimmer* v. *Metropolitan Street R. Co.* (28 App. Div. 504) there was no issue of fact arising as a result of conflicting contentions or affidavits. The lack of an exception will not disable this court from doing justice where a prejudicial ruling was made on an objection taken to an incident or a question. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

DORA HECHT, Respondent, Appellant, v. KELVINATOR SALES CORPORATION, Appellant, Respondent. — Order and judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.

In the Matter of the Application of ANNA GERSHENHORN and Others, Appellants, for a Certiorari Order against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals of the City of New York and Another, Respondents.— Order dismissing certiorari order and confirming the determination of the board of standards and appeals modified so as to provide that if, by development or otherwise, the neighborhood so changes that the property in question is reasonably susceptible of being applied to a conforming use, the gasoline station may be removed, and as so modified unanimously affirmed, with costs to respondents. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Construction of the Last Will and Testament of WILLIAM MOORE, Deceased. WILLIAM MOORE and Others, Appellants; PETER STEPHEN BECK and Another, as Executors, etc., of WILLIAM MOORE, Deceased, and Another, Respondents.— Order of the Surrogate's Court of Nassau county, in so far as it holds that paragraph tenth of the will vests in the executors a valid power in trust, reversed on the law and the facts, with costs to appellants, payable out of the estate, and matter remitted to the surrogate to enter an order accordingly. The specific legacy of $1,000 contained in said paragraph of the will is a valid bequest, but the provision under consideration attempts to confer upon the executors a power too vague and indefinite to constitute a testamentary gift. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Tompkins, J., with whom Scudder, J., concurs, dissents and votes to affirm on the opinion of Hon. Leone D. Howell, surrogate of Nassau county, and *Matter of Allen* (111 Misc. 93) and *Collister* v. *Fassitt* (163 N. Y. 281).